TEXTO COMPLETO DE LA SENTENCIA
Comparece Banco Bilbao Vizcaya Argentaría (BBVA) mediante petición de Certiorari y solicita se revise y revoque una resolución dictada por el Tribunal de Primera Instancia, Sala Superior de San Juan, (en adelante T. P.I.) de fecha 26 de septiembre de 2008, notificada el 12 de diciembre de 2008, en la cual dicho foro se niega a emitir dictamen alguno en relación a una Solicitud de Demanda de Intervención en el caso de epígrafe, ya que el Tribunal de Apelaciones expidió auto de Certiorari, y por ello, el T.P.I. perdió jurisdicción. Por los fundamentos que pasamos a exponer, se expide el auto de Certiorari presentado y se confirma la Sentencia recurrida.
*923 I
EL T.P.I. dictó Sentencia de Confirmación de Laudo de Arbitraje el 2 de noviembre de 2007, en el caso de epígrafe, KAC2005-7362, ICFQ Desarrollos Carraízo Inc., demandante v. National Insurance Company Inc., demandada. Se trataba de una reclamación de ICFQ Desarrollos Carraízo, Inc. (en adelante Desarrollos Carraízo) contra National Insurance Company Inc., (en adelante National) en la que solicitaba que se pusiera en ejecución un laudo de arbitraje emitido el 25 de agosto de 2005, al amparo de la Ley Núm. 376 de 8 de mayo de 1951, 32 L.P.R.A. sees. 3220 et seq. (Ley de Arbitraje). El referido Laudo ordenó a Tinguaro Construction Inc. (en adelante Tinguaro) a pagar a Desarrollos Carraízo, la cantidad de $1,860,000 por incumplimiento de contrato de construcción al atrasarse y abandonarse el proyecto Mansiones de Carraízo. La demandada National, afianzó solidariamente al Contratista Tinguaro por el cumplimiento del proyecto y Desarrollos Carraízo le reclamó el pago de lo ordenado por el laudo.
El T.P.I. acogió favorablemente una Sentencia Sumaria presentada por Desarrollos Carraízo y dictó Sentencia el 2 de noviembre de 2007, notificada el 28 de diciembre de 2007. Inconforme con tal dictamen, National acudió mediante Certiorari ante el Tribunal de Apelaciones (en adelante T.A.) en el caso KLCE-2008-00182. Mediante Sentencia de 30 de junio de 2008 del T.A. se emitió el auto solicitado y se confirmó la Sentencia del T.P.I. que ordenó a National, en su calidad de fiadora de Tinguaro a pagarle a Desarrollos Carraízo, $1,860,000 más intereses y honorarios de abogado. De esta Sentencia del T.A. recurrió la demandada National al Tribunal Supremo de Puerto Rico, mediante Solicitud de Certiorari CC-08-804, presentada el 18 de septiembre de 2008. Dicho recurso está pendiente de consideración ante dicho foro. [1]
Mientras tanto, el 18 de septiembre de 2008, el Banco Bilbao Vizcaya Argentaría (BBVA), en adelante peticionaria, presentó Solicitud de Intervención, al amparo de la Regla 21 de las de Procedimiento Civil, 32 L.P. R.A. Ap. Ill, R. 21 y Demanda de Intervención en el caso de epígrafe entre Desarrollos Carraízo y National. Alega la peticionaria en su demanda que Desarrollos Carraízo otorgó un Contrato de Préstamo de Construcción y Garantía (Construction Loan and Security Agreement) con BBVA, mediante el cual se le concedió a dicha corporación financiamiento por la cantidad de tres millones ochocientos mil dólares (3,800,000) de principal, obligándose a pagar intereses sobre el balance de las sumas desembolsadas hasta la fecha de su vencimiento y pago. Alega que BBVA le concedió a Desarrollos Carraízo el préstamo de construcción como financiamiento interino para el desarrollo del proyecto Mansiones de Carraízo de Trujillo Alto. [2]
Alega que Desarrollos Carraízo se obligó a terminar la construcción del proyecto para el 30 de junio de 2004. Que el 25 de junio de 2003, Desarrollos Carraízo suscribió pagaré hipotecario a favor BBVA por dos millones ochocientos mil dólares ($2,800,000). La Escritura de Hipoteca se registró en el Registro de la Propiedad y grava la finca objeto de desarrollo. Desarrollos Carraízo también suscribió contrato de prenda y garantía (Pledge and Security Interest) cediendo y transfiriendo a BBVA en prenda todos los derechos e intereses consignados y evidenciados en el pagaré hipotecario.
También suscribió Declaración de Financiamiento radicada en el Departamento de Estado el 27 de junio de 2003, dando en garantía el pagaré hipotecario que firmó, así como todos los derechos, títulos e intereses de Desarrollos Carraízo en los planos, contrato de construcción, fianzas, pólizas de seguro, así como todos los permisos, aprobaciones y endosos emitidos por las autoridades de gobierno pertinentes en relación con la construcción del proyecto.
Reclama Desarrollos Carraízo en su solicitud y demanda de intervención que Desarrollos Carraízo ha incumplido con los términos y condiciones del Contrato de Préstamo de Construcción Interino, habiéndose vencido el término del mismo, sin haber terminado el proyecto ni haberle pagado la deuda a BBVA. Que el proyecto se encuentra paralizado y abandonado desde el verano de 2004, según consta en la demanda de Desarrollos Carraízo en este caso. Alega que el 29 de agosto de 2003, la demandada National expidió un Contrato de Fianza de Ejecución y Obra (Performance Bond) Número 5N03026331 en que nombra a ICFQ *924 como dueño y beneficiario. Que no obstante, el 2 de septiembre de 2003, National expidió un endoso titulado Under’s Dual Obligee Rider to Performance and Payment Bond Number 5N03026331. Que en virtud de dicho endoso, Banco Bilbao Vizcaya Argentaría Puerto Rico es co-beneficiario de la fianza bajo la cual Desarrollos Carraízo obtuvo Sentencia en este caso contra National. Por tanto, BBVA reclama un derecho de garantía sobre el producto de la fianza que reclama en este caso Desarrollos Carraízo y es co-beneficiaria de los fondos de la fianza.
BBVA plantea en su demanda que sus derechos se podrían ver afectados por cualquier desembolso de National a Desarrollos Carraízo como parte de este litigio, cuya Sentencia se apoya precisamente, en la fianza de ejecución, de la cual BBVA es también beneficiaría. BBVA informa que el 3 de julio de 2008, Desarrollos Carraízo radicó una solicitud de quiebra bajo el Capítulo 11 de la ley Federal de Quiebras, bajo el número 08-04351-11. Solicita en su demanda que se le ordene a National depositar los fondos de la Sentencia contra ella en el caso ante la Corte de Quiebras para que BBVA tenga oportunidad de reclamarlos o en su defecto se le ordene depositarlos como parte de los procedimientos en el caso de autos, hasta que se diluciden los derechos sobre dichos fondos en el Tribunal de Quiebras.
Mediante Orden dictada por el T.P.I. el 26 de septiembre de 2008, el tribunal contestó la Solicitud de Intervención de BBVA, aquí peticionaria, disponiendo lo siguiente:

“Al haber expedido el auto el Tribunal de Apelaciones, este Tribunal perdió jurisdicción sobre el caso hasta que no se reciba el mandato. Por disposición expresa de la Regla 35 del Reglamento del Tribunal de Apelaciones, “la expedición del auto de Certiorari suspenderá los procedimientos en el Tribunal de Primera Instancia, salvo que el Tribunal de Apelaciones disponga lo contrario.

Una vez el Tribunal Apelativo expide un auto de Certiorari, el caso permanece bajo su jurisdicción hasta tanto el mandato no haya sido remitido y recibido por el Tribunal de Instancia, por lo que hemos perdido jurisdicción sobre el caso hasta que culminen dichos trámites. Véase Vaillant v. Santander, 147 D.P.R. 338 (1998); Pueblo v. Tribunal de Distrito, 97 D.P.R. 241 (1969). En vista de ello, no podemos emitir dictamen alguno en relación a lo solicitado en estos momentos”.

De dicha Orden, notificada el 17 de diciembre de 2008, solicitó Reconsideración la parte peticionaria BBVA, el 30 de diciembre de 2008. El 8 de enero de 2009, el T.P.I. notificó orden a las partes indicando que “se reitera en su Resolución de 26 de septiembre de 2008, ya que hasta que no se reciba el mandato del Tribunal de Apelaciones no adquirimos jurisdicción sobre este caso, cosa que no ha ocurrido al presente ”. [3] El 16 de enero de 2009, la peticionaria BBVA presentó petición de Certiorari ante el T.A.
Plantea en sus Señalamientos de Error lo siguiente:

“1. El T.P.I. tiene jurisdicción para considerar la Solicitud de Intervención de BBVA.

2. En aras de una solución justa, rápida y económica de este incidente y de la necesidad urgente de que BBVA tenga la oportunidad de preservar sus derechos bajo la fianza, este Honorable Tribunal debe autorizar la intervención de BBVA. ”

II
A. Los Reglamentos del Tribunal Supremo v Tribunal de Apelaciones v la suspensión de los procedimientos ante el Tribunal Apelativo
La Regla 20(e) del Reglamento del Tribunal Supremo de Puerto Rico, reza como sigue:

*925
“Salvo lo dispuesto en el inciso (m) de esta Regla, la presentación de una petición de Certiorari no paralizará los procedimientos en el Tribunal de Circuito de Apelaciones o el Tribunal de Primera Instancia. La expedición del auto de Certiorari suspenderá los procedimientos ante el Tribunal de Circuito de Apelaciones y el Tribunal de Primera Instancia, salvo orden en contrario expedida por este Tribunal motu proprio o a solicitud de parte. La solicitud de que se dicte una orden de este tipo se podrá hacer en cualquier momento luego de presentada la petición de Certiorari, pero siempre se hará en Moción separada. Título 4 L.P.R.A. Ap. XXI-A, R. 20(e)’’.

El inciso (m) de la Regla 20, supra, reza como sigue:

“Aun cuando se expida el auto de Certiorari, no se suspenderán los efectos de la Sentencia o Resolución recurrida que incluya cualquiera de los siguientes remedios:

(1) una Orden de Injunction, de Mandamus o de hacer o desistir;

(2) una orden de pago de alimentos;

(3) una orden sobre custodia o relaciones filiales, o

(4) cuando la Sentencia dispusiese la venta de bienes susceptibles de pérdida o deterioro. Sin embargo, motu proprio o a petición de parte, el Tribunal podrá emitir una Orden en contrario, disponiendo la suspensión de los efectos de la Sentencia o Resolución”.

Por su parte, la Regla 35(A) (1) del Reglamento de Apelaciones, 4 L.P.R.A. XXII-B, R. 35(A)(1), dispone:

“(A) En casos civiles -

(1) La presentación de una solicitud de Certiorari no suspenderá los procedimientos ante el Tribunal de Primera Instancia, salvo Orden en contrario, expedida por iniciativa propia o a solicitud de parte por el Tribunal de Circuito de Apelaciones. La expedición del auto de Certiorari suspenderá los procedimientos en el Tribunal de Primera Instancia, excepto cuando se trate de un auto de Certiorari expedido por el tribunal de Circuito de Apelaciones para revisar una Resolución u Orden del Tribunal de Primera Instancia conforme a la sec. 22K(f) de este título, y ala Regla 32 (E) de este apéndice. ”

B. El Mandato
La figura procesal del mandato se encuentra contemplada por la Regla 54.7 de Procedimiento Civil, 32 L.P. R.A. Ap. Ill, R. 54.7, la cual reza de la siguiente manera.

“Transcurridos diez (10) días laborables de haberse archivado en autos la notificación de la sentencia dictada por el Tribunal de Circuito de Apelaciones, el secretario de dicho tribunal devolverá el mandato a la sala del Tribunal de Primera Instancia que emitió la sentencia apelada o la orden o resolución recurrida, junto con todo el expediente original, cuando éste hubiere sido elevado, a menos que se haya concedido o esté pendiente de resolución una solicitud de reconsideración o a menos que el Tribunal de Circuito de Apelaciones o el Tribunal Supremo ordene otra cosa”.

Por otro lado, la Regla 84(E) del Reglamento del Tribunal de Circuito de Apelaciones dispone que:

“Transcurridos diez (10) días laborables de haber advenido final y firme la decisión del Tribunal de Circuito de Apelaciones, el (la) Secretario(a) enviará el mandato al Tribunal de Primera Instancia o a la 
*926
agenda correspondiente, junto con todo el expediente original, cuando éste haya sido elevado, a menos que se haya concedido una moción para que se retenga el mandato dentro de dicho término, o que de otro modo se ordenare por el Tribunal de Circuito de Apelaciones o por el tribunal Supremo ”.

El mandato es la notificación oficial que le remite el foro apelativo al tribunal de inferior jerarquía para que se ejecute la Sentencia dictada en apelación. Véase Pueblo v. Tribunal de Distrito, 97 D.P.R. 241 (1969); Wright, Miller & Cooper, Federal Practice & Procedure: Jurisdiction 2d sec. 3987, pág. 687.
En Pueblo v. Tribunal de Distrito, supra, pág. 246, expresamos:

‘‘El mandato es el medio oficial del que se vale el Tribunal de Apelación para comunicarle al Tribunal apelado la disposición que se ha hecho de la Sentencia objeto de revisión y de ordenarle el cumplimiento con los términos de la actuación del foro de superior jerarquía”.

La remisión del mandato, luego de dictada la Sentencia, tiene el efecto de ponerle punto final a los procedimientos del caso en revisión, removiéndolo de la jurisdicción del Tribunal Apelativo y devolviéndolo al foro de origen para que continúe con los procedimientos. Véase U.S. v. Rivera, 844 F2d 916 (2d Cir. 1988); Ester v. U.S., 584 F. 2d 594, 598 (2d Cir. 1878); 2A Fed Proc., L.Ed. See. 3:932. Cuando se ha instado un recurso de apelación, o se ha expedido un auto de certiorari, como en el caso de autos, el caso permanecerá bajo la jurisdicción del Tribunal Apelativo hasta tanto el mandato no haya sido emitido por la secretaría luego de dictada la sentencia correspondiente. Por consiguiente, el foro recurrido se encuentra impedido para actuar sobre aquellas controversias contenidas en el recurso de revisión y, en consecuencia, cualquier determinación adelantada por el foro inferior antes de recibir el mandato, es nula, por carecer de jurisdicción sobre la materia. Véase In re: Thorp, 655 F2d 997 (9th. Cir 1981), y Wright, Miller & Cooper, supra, sec. 3987, pág. 688
C. Jurisprudencia aplicable
En Vaillant Valenciano v. Santander Mortgage Corp., 147 D.P.R. 338 (1998), el T.P.I. dictó Orden fijando fianza de no residente, los demandantes acudieron en alzada, vía Certiorari ante el Tribunal de Circuito y éste dictó orden en auxilio de jurisdicción paralizando así los procedimientos en instancia. Dictada sentencia por el Tribunal de Circuito, los demandantes presentaron solicitud de Certiorari ante el Tribunal Supremo. Luego de presentado este recurso y sin que el Tribunal se manifestara sobre su procedencia, el T.P.I. dictó Sentencia desestimando la demanda por no haber los demandantes consignado la fianza. Eventualmente, el Tribunal Supremo revocó dicha sentencia del T.P.I. debido a que al dictarse ésta el caso se encontraba paralizado en instancia por la orden del Tribunal de Circuito y al fundamentar su decisión se dijo:

“Cuando se ha instado un recurso de apelación, se ha expedido un auto de certiorari o como en el caso de autos, se ha dictado una orden de paralización de los procedimientos antes de su expedición, el caso permanecerá bajo la jurisdicción del tribunal apelativo hasta tanto el mandato no haya sido emitido por la Secretaría luego de dictada la sentencia correspondiente. Por consiguiente, el foro recurrido se encuentra impedido para actuar sobre aquellas controversias contenidas en el recurso de revisión y, en consecuencia, cualquier determinación adelantada por el foro inferior antes de recibir el mandato, es nula, por carecer de jurisdicción sobre la material".

III
Aplicación del Derecho al caso de autos
Como primer error, el peticionario plantea que el T.P.I. tiene jurisdicción para considerar la solicitud de intervención del B.B.V.A. Se apoya en el argumento de que según la Regla 20(e) del Reglamento del Tribunal Supremo, supra, “la presentación de una petición de certiorari no paralizará los procedimientos en el Tribunal *927 de Circuito de Apelaciones o en el Tribunal de Primera Instancia”. Alega que dicha Regla no hace distinción alguna respecto a si el Tribunal de Apelaciones expidió o no el auto de certiorari. No estamos de acuerdo con tal interpretación. La Regla 35(A)(1) del Reglamento de Apelaciones, supra, contiene igual disposición que el Reglamento del Tribunal Supremo en su Regla 20(e) en cuanto a que la mera presentación de una solicitud de certiorari no suspenderá los procedimientos a nivel del Tribunal de Primera Instancia.
Pero tanto la Regla 20(e) del Reglamento del Tribunal Supremo como la Regla 35(A)(1) del Reglamento del Tribunal de Apelaciones, supra, contienen igual disposición, en el sentido de que “la expedición del auto de certiorari suspenderá los procedimientos, bien a nivel del Tribunal de Apelaciones, o bien ante el Tribunal de Primera Instancia. ” La interpretación de la parte peticionaria presupone que la mera presentación del recurso de certiorari ante el Tribunal Supremo, como en el caso de autos, deja activos los procedimientos a nivel del Tribunal recurrido. Por lo cual, el Tribunal de Primera Instancia podría atender la solicitud de intervención de BBVA. La peticionaria, obvia, sin embargo, el resto del texto de ambas reglas (20(e) y 35(A)(1), que coinciden en señalar, que en casos en que el Tribunal de Apelación expide el auto de certiorari se suspenderán los procedimientos en el Tribunal de Primera Instancia a nivel del tribunal revisado. (Tribunal de Apelaciones o Tribunal de Primera Instancia).
En el caso específico de autos, el Tribunal de Apelaciones expidió el auto solicitado y dictó sentencia confirmando la decisión del T.P.I. el 30 de junio de 2008, en el caso KLCE-2008-00182. El efecto jurídico de tal acción, conforme a la Regla 35(A)(1) del Reglamento de Apelaciones, fue privar de jurisdicción al Tribunal de Primera Instancia como bien resolvió dicho foro en su Orden de 26 de septiembre de 2008. [4] Además a lo antes señalado, el peticionario no parece darle adecuada importancia al hecho de que el Tribunal de Primera Instancia no ha recibido el mandato de parte del Tribunal de Apelaciones, lo que le priva igualmente de actuar con jurisdicción para atender la solicitud de intervención del peticionario.
Como segundo error, plantea el peticionario que “en aras de una solución justa, rápida y económica de este incidente y de la necesidad urgente de que BBVA tenga la oportunidad de preservar sus derechos bajo la fianza, este Honorable Tribunal debe autorizar la intervención de BBVA”. El peticionario arguye que la Regla 21.1 de las de Procedimiento Civil, 32 L.P.R.A. Ap. Ill, R. 21.1, le protege su derecho a solicitar intervención en esta etapa y hace énfasis sobre la meritoriedad de su reclamo para preservar su derecho a reclamar la fianza que pueda ser consignada por la demandada National y nos solicita que autoricemos su intervención. No es posible acceder a su solicitud. No le corresponde a este Tribunal de Apelaciones determinar en este momento la procedencia de la solicitud y demanda de intervención de BBVA, conforme a la Regla 21.1 de las de Procedimiento Civil. Esa es una determinación que le corresponderá en su día adjudicar al T.P.I.
No estamos formulando juicio sobre tal solicitud. Nos remitimos en esta etapa a adjudicar la controversia sobre jurisdicción del T.P.I. para atender en este momento el reclamo de intervención que formula la parte peticionaria. Resolvemos que no le asiste la razón a la parte peticionaria en adjudicarle jurisdicción al T.P.I. para resolver su solicitud de intervención, pues no la tiene, como ya hemos establecido.
Y como colorario a su petición en su segundo señalamiento de error, declaramos que carecemos también de jurisdicción para entender en tal reclamo, pues la jurisdicción sobre el caso de autos la ejerce en este momento el Tribunal Supremo de Puerto Rico, ante cuyo foro se encuentra en revisión, vía Certiorari, la Sentencia del Tribunal Apelativo de 30 de junio de 2008. (CC-08-804).
IV
Por los fundamentos anteriormente expresados, se expide el auto de Certiorari solicitado y se confirma la Sentencia recurrida.
*928 Notifíquese.
Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal.
Lie. María Elena Pérez Ortiz Secretaria del Tribunal de Apelaciones
ESCOLIOS 2009 DTA 39

1. Véase status del caso según informa el peticionario en su Petición de Certiorari, página 2: Según informa la parte recurrida en su escrito de Oposición a Expedición de Auto de Certiorari, el 14 de octubre de 2008, Desarrollos Carraízo presentó Oposición a Expedición de Auto de Certiorari el cual también se encuentra pendiente de decisión.

2. Este desarrollo es el mismo proyecto que Desarrollos Carraízo le encomendó a Tinguaro Construction Corp. (Tinguaro) como contratista y que éste incumplió, por lo que National fue requerido a responder como fiadora del proyecto mediante Sentencia de T.P.I. de 2 de noviembre de 2007.

3. La Orden del T.P.I. fue dictada el 23 de diciembre de 2008, y notificada el 8 de enero de 2009, respondiendo a un escrito de BBVA titulado “Moción Solicitando Notificación de Orden en Relación a Moción de Solicitud de Intervención y otros”.

4. La Orden de 26 de septiembre de 2008, del T.P.I. dispuso: “Al haber expedido el auto el Tribunal de Apelaciones, este Tribunal perdió jurisdicción sobre el caso hasta que no se reciba el mandato. Por disposición expresa de la Regla 35 del Reglamento de Apelaciones, la expedición del auto de certiorari suspenderá los procedimientos en el Tribunal de Primera Instancia, salvo que el Tribunal de Apelaciones disponga lo contrario”.