ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL VI-ESPECIAL

| CARLOS E. COLÓN BURGOS XIOMARA S. RIVERA RODRÍGUEZ | | *Apelación* procedente del Tribunal de Primera Instancia, Sala Superior de Caguas |
|---|---|---|
| APELANTES | KLAN202400301 | Civil Núm. CG2023CV01429 |
| v. | | Sobre: Sentencia declaratoria, Petición de disolución de corporaciones de empresas, Incumplimiento de contrato y daños y perjuicios |
| PEDRO RIVERA DURÁN; VERSATECH, INC., ET ALS APELADOS | | |

Panel integrado por su presidenta, la jueza Ortiz Flores, el juez Rivera Torres y la jueza Rivera Pérez

Ortiz Flores, Jueza Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 31 de mayo de 2024.

Comparecen el Sr. Carlos E. Colón Burgos y la Sra. Xiomara Rivera Rodríguez(apelantes) mediante el presente recurso de *Apelación* y nos solicitan que revoquemos la *Sentencia Parcial* emitida por el Tribunal de Primera Instancia, Sala Superior de Caguas (TPI) el 19 de marzo de 2024 y ordenemos la celebración de la vista de *injunction preliminar*. En la sentencia apelada, se declaró Ha Lugar una moción de desestimación dejando sin efecto la solicitud de entredicho provisional sometido por los apelantes.

Adelantamos que, por los fundamentos que exponemos a continuación, confirmamos la *Sentencia Parcial* apelada.

**I**

El 8 de mayo de 2023 el Sr. Carlos E. Colón Burgos y la Sra. Xiomara Rivera Rodríguez (apelantes) presentaron una *Demanda Jurada* contra el Sr. Pedro Rivera Durán, Versatech, Inc. (Versatech), Versatech Products, Inc. (Versatech Products), Prime Development Corporation (Prime

Development) y Tu Farmacia Móvil Corp. (Tu Farmacia Móvil).[1] El Sr. Carlos E. Colón Burgos y la Sra. Xiomara Rivera Rodríguez solicitaron al TPI, en primer lugar, que se emitiera una Sentencia Declaratoria que adjudique al  Sr. Carlos E. Colón Burgos como un accionista en un cincuenta por ciento (50%) de las compañías Versatech, Versatech Products, Prime Development y Tu Farmacia Móvil.[2] Alegaron que el Sr. Pedro Rivera Durán despojó unilateralmente al Sr. Carlos E. Colón Burgos de las compañías anteriormente mencionadas, a pesar de existir un acuerdo verbal realizado desde el 2005.[3] En segundo lugar, el Sr. Carlos E. Colón Burgos y la Sra. Xiomara Rivera Rodríguez solicitaron la disolución de las compañías Versatech, Versatech Products, Prime Development y Tu Farmacia Móvil y la distribución de los activos y bienes a tenor del Artículo 9.03 de la Ley Núm. 164 de 2009, *Ley General de Corporaciones*, 14 LPRA 3703, o conforme un plan propuesto por el Sr. Carlos E. Colón Burgos.[4] A su vez, los apelantes solicitaron ante el TPI el resarcimiento en daños y perjuicios por el incumplimiento de los acuerdos verbales habidos entre el Sr. Carlos E. Colón Burgos y el Sr. Pedro Rivera Durán.[5] Además, alegaron que el Sr. Pedro Rivera Durán era co-accionista de las compañías antes mencionadas junto al Sr. Carlos E. Colón Burgos, pero este último fue alegadamente despedido por el Sr. Pedro Rivera Durán por desacuerdos habidos entre ambos durante el pasado año.[6]

Coetáneo a la presentación de la demanda, el Sr. Carlos E. Colón Burgos y la Sra. Xiomara Rivera Rodríguez presentaron una *Urgente Moción de Entredicho Provisional e Injction Preliminar*.[7] En esencia, reclamaron que el Sr. Pedro Rivera Durán, como presidente de las Corporaciones, se encontraba realizando actos afirmativos con el fin de despojar al Sr. Carlos E. Colón Burgos de su residencia, ubicada en la Calle

---

[1] Apéndice 1 de Apelación, págs. 1-140.
[2] *Id.*
[3] *Id.*
[4] *Id.*
[5] *Id.*
[6] *Id.*
[7] Apéndice 2 de Apelación, págs.141-168.

Guaynabo #49, Urb. Finca Elena, Guaynabo, Puerto Rico 00971 que pertenece a Prime Development y de varios automóviles del Sr. Carlos E. Colón Burgos y de la Sra. Xiomara Rivera Rodríguez que pertenecen a varias de las Corporaciones.[8] Estos automóviles son los siguientes:

1. Transit Connect XL 2019, Tablilla 1026622, VIN #NM0LS6E26K1431280
2. Porsche Cayanne 2022, Tablilla JRX047, VIN#WP1BE2AY6NDA51169
3. BMW X5 2021, Tablilla JRJ191, VIN#5UXTA6C01M9H39390.[9]

El propósito de solicitar ese remedio extraordinario era evitar que el Sr. Pedro Rivera Durán tenga acceso a la participación que le corresponde al Sr. Carlos E. Colón Burgos como codueño de las Corporaciones.[10]

Así las cosas, el 25 de mayo de 2023, Sr. Pedro Rivera Durán, Versatech, Versatech Products, Prime Development y Tu Farmacia Móvil (en conjunto, los apelados) presentaron una *Moción solicitando la desestimación del entredicho provisional e injunction preliminar*.[11] En síntesis, alegaron que no procedía el entredicho provisional e *injunction* preliminar pues el Sr. Carlos E. Colón Burgos y la Sra. Xiomara Rivera Rodríguez alegaban daños basados en mera conjetura y especulación, que la posesión de los muebles e inmueble que reclaman estaba en, y que entendían que existían remedios adecuados en ley como el interdicto posesorio.[12]

El 1 de junio de 2023, el Sr. Carlos E. Colón Burgos y la Sra. Xiomara Rivera Rodríguez presentaron su *Oposición/réplica a "Moción solicitando la desestimación del entredicho provisional e injunction preliminar"*.[13] El Sr. Carlos E. Colón Burgos y la Sra. Xiomara Rivera Rodríguez arguyeron que no procedía la moción de desestimación presentada por el Sr. Pedro Rivera Durán, Versatech, Versatech Products, Prime Development y Tu Farmacia Móvil, pues surgía del escrito presentado por el Sr. Carlos E. Colón Burgos

---

[8] *Id.*
[9] *Id.*
[10] *Id.*
[11] Apéndice 10 de Apelación, págs. 209-219.
[12] *Id.*
[13] Apéndice 15 de Apelación, págs. 225-259.

y la Sra. Xiomara Rivera Rodríguez la existencia de una amenaza real de sufrir daños reales e irreparables.[14] De igual forma, argumentaron que la moción de desestimación presentada por el Sr. Pedro Rivera Durán, Versatech, Versatech Products, Prime Development y Tu Farmacia Móvil no estaba basada en una declaración jurada o documento alguno, por lo que sus argumentos estaban basados en especulaciones y conjeturas.[15]

Luego de varios incidentes procesales, el 7 de agosto de 2023, el Sr. Pedro Rivera Durán y Tu Farmacia Móvil presentaron su *Contestación a Demanda*, mientras que Versatech, Versatech Products y Prime Development presentaron su *Contestación a Demanda y Reconvención* respectivamente.[16] Por su parte, Versatech y Versatech Products presentaron una acción reivindicatoria contra el Sr. Carlos E. Colón Burgos y la Sra. Xiomara Rivera Rodríguez por los vehículos: Porshe Cayanne 2022, Tablilla JRX047, VIN#WP1BE2AY6NDA51169 y Transit Connect XL 2019, Tablilla 1026622, VIN #NM0LS6E26K1431280.[17] De igual forma, Prime Development presentó una acción de desahucio ordinario y acción reivindicatoria contra el Sr. Carlos E. Colón Burgos y la Sra. Xiomara Rivera Rodríguez por la propiedad ubicada en la Calle Guaynabo #49, Urb. Finca Elena, Guaynabo,00971 y el vehículo BMW X5 2021, Tablilla JRJ191, VIN#5UXTA6C01M9H39390.[18]

El TPI emitió varias órdenes y resoluciones el 7 de agosto de 2023, notificadas el 9 de agosto de 2023. El Hon. Benicio G. Sánchez la Costa emitió una *Resolución* en la que se inhibió de seguir fungiendo como Juez del caso, pero ordenó al Sr. Pedro Rivera Durán, Versatech, Versatech Products, Prime Development y Tu Farmacia Móvil a no realizar cualquier acto expuesto en la *Urgente Moción de Entredicho Provisional e Injunction Preliminar* en lo que se transfería el caso.[19] Por otro lado, el 14 de agosto

---

[14] *Id.*
[15] *Id.*
[16] Apéndice 24 de Apelación, págs.306-320; Apéndice 26 de Apelación, págs.322-337; Apéndice 27 de Apelación, págs.338-350; Apéndice 28 de Apelación, págs.351-364.
[17] Apéndice 28 de Apelación, págs.351-364.
[18] Apéndice 24 de Apelación, págs.306-320.
[19] Apéndice 35 de Apelación, págs.371-374; Apéndice 37 de Apelación, págs.376-378.

de 2023, notificado el 15 de agosto de 2023, TPI notificó conferencia inicial del caso para el 21 de marzo de 2024.[20]

Tras varios trámites procesales, incluyendo el recurso KLCE202300913 presentado el 5 de octubre de 2023 ante nosotros, y notificado el 23 de octubre de 2023, el Tribunal Supremo emitió una *Sentencia* en la cual revocó la Resolución emitida por este Tribunal el 31 de agosto de 2023.[21] A su vez, dejó sin efecto el entredicho provisional emitido por el TPI y ordenó a celebrar la vista de *injunction* preliminar "inmediatamente".[22]

Así las cosas, el TPI emitió una *Orden* el 3 de noviembre de 2023, notificada el 9 de noviembre de 2023, en la cual estableció que el caso estaba señalado para el 21 de marzo de 2024 y concedió el entredicho provisional hasta que se celebrara la vista.[23]

Luego de varios incidentes procesales, este Tribunal emitió una *Sentencia* en la cual se revocó la *Orden* emitida por el TPI y se le ordenó al foro primario a celebrar la vista de *injunction* preliminar dentro de los 10 días desde la notificación de la *Sentencia*.[24] En cumplimiento a lo ordenado, el TPI emitió una *Orden* en la cual señaló vista para el 26 de diciembre de 2023.[25]

El 26 de diciembre de 2023, se celebró una vista de manera presencial.[26] Según surge de la minuta, no se celebró la vista de *injunction* preliminar pues se solicitó fuera transferida a otra fecha por un compromiso de un representante legal de la parte demandada y porque iban a presentar una reconsideración ante este Tribunal.[27] No pese a lo anterior, el TPI expresó lo siguiente:

> [..] Si no se puede llevar a cabo la vista, se emitirá una orden prohibiendo la enajenación de los bienes o activos de la corporación hasta que se celebre la vista.
> [...]

---

[20] Apéndice 44 de Apelación, pág.385.
[21] Apéndice 60 de Apelación, págs.441-446.
[22] *Id.*
[23] Apéndice 64 de Apelación, pág.463.
[24] Apéndice 70 de Apelación, págs.478-490.
[25] Apéndice 71 de Apelación, pág.491.
[26] Apéndice 76 de Apelación, págs.525-527.
[27] *Id.*

[…] el Tribunal dispone lo siguiente:

[L]as propiedades se dejarán protegidas con la solicitud de *Injunction* de los activos hasta el día de la vista.[28]

Conforme a lo antes dispuesto por el foro apelado, se ordenó la transferencia de la vista de interdicto preliminar para los días 20 y 21 de marzo de 2024.[29]

El 27 de febrero de 2024, el Sr. Pedro Rivera Durán, Versatech, Versatech Products, Prime Development y Tu Farmacia Móvil presentaron una *Moción solicitando se adjudique la moción de desestimación*.[30] En el aludido escrito, el Sr. Pedro Rivera Durán, Versatech, Versatech Products, Prime Development y Tu Farmacia Móvil solicitaron se atendiera la *Moción solicitando la desestimación del entredicho provisional e injunction preliminar* presentada el 25 de mayo de 2023.[31] Al mismo tiempo el Sr. Carlos E. Colón Burgos y la Sra. Xiomara Rivera Rodríguez presentaron su *Oposición a "Moción solicitando se adjudique la moción de desestimación"*.[32] En síntesis, el Sr. Carlos E. Colón Burgos y la Sra. Xiomara Rivera Rodríguez arguyeron que procedía celebrar la vista de *injunction* preliminar y luego atender la *Moción solicitando la desestimación del entredicho provisional e injunction preliminar* conforme el mandato del Tribunal Supremo.[33]

Así las cosas, el 19 de marzo de 2024 el TPI emitió una *Sentencia Parcial* en la cual declaró Ha Lugar la *Moción solicitando la desestimación del entredicho provisional e injunction preliminar*.[34] El foro primario razonó, en síntesis, que no procedía el entredicho preliminar pues, en primer lugar, existía una disputa en relación al derecho legal respecto a la titularidad de las compañías.[35] En segundo lugar, el TPI argumentó que la posesión y titularidad de los bienes muebles y el bien inmueble que se pretendían

---

[28] *Id.*
[29] *Id.*
[30] Apéndice 111 de Apelación, págs.748-750.
[31] *Id.*
[32] Apéndice 112 de Apelación, págs.751-762.
[33] *Id.*
[34] Apéndice 135 de Apelación, págs.1999-2008.
[35] *Id.*

proteger con el entredicho preliminar estaban siendo ventilados mediante trámite ordinario por las reconvenciones hechas por Versatech, Versatech Products y Prime Development.[36] Por lo que ordenó a las partes a continuar el descubrimiento de prueba, señalando vista para el 15 de agosto de 2024.[37]

Inconforme, el 27 de marzo de 2024, acude ante nosotros el Sr. Carlos E. Colón Burgos y la Sra. Xiomara Rivera Rodríguez mediante el presente recurso de *Apelación* en la cual señalan la comisión de los siguientes errores:

> Erró el TPI al violar la regla del mandato, al obviar la ley del caso, y al cancelar la celebración de la vista de injunction preliminar, en contravención a la orden del Tribunal Supremo.

> Erró el TPI al denegar el injunction preliminar, puesto que sus conclusiones de derecho relevan un craso abuso de discreción y errores en la interpretación y aplicación de las normas procesales y de derecho sustantivo aplicable.

El 2 de mayo de 2024, el Sr. Pedro Rivera Durán, Versatech, Versatech Products, Prime Development y Tu Farmacia Móvil presentaron su *Alegato en oposición a escrito de apelación*. Con el beneficio de la comparecencia de ambas partes, resolvemos.

## II

### *A. Mandato*

El mandato es una orden emitida por un Tribunal de mayor jerarquía hacia uno de menor jerarquía a los fines de notificar "la disposición de la sentencia objeto de revisión y para ordenarle el cumplimiento de lo acordado". *Pueblo v. Serrano Chang*, 201 DPR 643, 650 (2018*)*, que cita a *Mejías et al. v. Carrasquillo et al.*, 185 DPR 288, 300–301 (2012). Su propósito "es lograr que el tribunal inferior actúe en forma consecuente con los pronunciamientos del tribunal apelativo." *Pueblo v. Serrano Chang*, *supra*, que cita a *Pueblo v. Tribunal de Distrito*, 97 DPR 241, 247 (1969).

Cuando el Secretario del Tribunal de mayor jerarquía remite un mandato, los tribunales inferiores adquieren facultad para continuar con el

---

[36] *Id.*
[37] *Id.*

procedimiento del caso y para actuar conforme el dictamen del foro superior. *Pueblo v. Serrano Chang*, *supra*, en la pág. 651; *Mejías et al. v. Carrasquillo et al.*, supra en la pág.301; *Pérez, Ex parte v. Depto. de la Familia*, 147 DPR 556, 571 (1999). Así las cosas, el tribunal de menor jerarquía pierde discreción para ignorar o alterar el mandato, esto es conocido como la "regla del mandato". *Pueblo v. Serrano Chang*, *supra*, en la pág. 651. A pesar de lo anterior, "los tribunales de menor jerarquía mantienen discreción para reconsiderar asuntos que no fueron expresa o implícitamente decididos por el tribunal que emitió el mandato". *Id*. Esto quiere decir, que solo podrán ser revisados por los foros primarios aquellos asuntos que un foro apelativo no atendió de manera implícita o explícita. *Mejías et al. v. Carrasquillo et al.*, supra en la pág.303. Referente a estos asuntos, el Tribunal Supremo ha expresado lo siguiente:

> En cuanto a los asuntos explícitos, se entenderá que son los que surgen de la sentencia claramente y sin espacio a ambivalencias. Sin embargo, los asuntos implícitos son los que establece el caso *Pan American v. Tribunal Superior*, *supra*, es decir, aquellas cuestiones que, si bien no se litigaron, pudieron haberse litigado, aquellas que bien surgen del mandato mismo, así como aquellas que se deben realizar para que resulte efecto el mandato. *Id*.

### B. Ley del Caso

La doctrina de la "Ley del Caso" o *stare decisis* establece que, como norma general, los tribunales deben seguir sus decisiones en casos posteriores. *Pueblo v. Díaz De León*, 176 DPR 913, 921 (2009). Esto se fundamenta con la necesidad de lograr estabilidad y certidumbre legal para así evitar perpetuar errores. *Am. Railroad Co. v. Comisión Industrial*, 61 DPR 314, 326 (1943). Es por tal razón, que las controversias adjudicadas de forma final por un foro primario o apelativo no pueden rexaminarse. *Cacho Pérez v. Hatton Gotay y otros*, 195 DPR 1 (2016).

En el ámbito de los tribunales de carácter apelativo, se considera la Ley del caso aquellas determinaciones hechas por este respecto a aquellas cuestiones consideradas y decididas, que, a su vez, obligan "tanto al tribunal de instancia como al que las dictó si el caso vuelve ante su

consideración". *Félix v. Las Haciendas*, 165 DPR 832, 843 (2005); *Srio. del Trabajo v. Tribunal Superior*, 95 DPR 136 (1967).

No obstante, y a pesar de lo anterior, en casos donde existen situaciones excepcionales si el caso vuelve a consideración del foro apelativo y "este entiende que sus determinaciones previas son erróneas y pueden causar una grave injusticia, puede aplicar una norma de derecho distinta". *Pueblo v. Serrano Chang*, supra en la pág. 653.

### C. Deferencia Judicial

Es norma reiterada por el Tribunal Supremo de Puerto Rico que los tribunales apelativos no intervienen con el manejo de los casos por el Tribunal de Primera Instancia, "salvo que se demuestre que hubo un craso abuso de discreción o que el tribunal actuó con prejuicio y parcialidad, o que se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo, y que nuestra intervención en esa etapa evitará un perjuicio sustancial". *Zorniak Air Servs. v. Cessna Aircraft Co.*, 132 DPR 170, 181 (1992).

Por lo general, el ejercicio de las facultades discrecionales por el foro de instancia merece nuestra deferencia. Sólo podrá intervenir un tribunal apelativo con el ejercicio de la discreción en aquellas situaciones en que se demuestre que el foro recurrido: (1) actuó con prejuicio o parcialidad; (2) incurrió en un craso abuso de discreción; o (3) se equivocó en la interpretación de cualquier norma procesal o de derecho sustantivo. Rivera y otros *v. Bco Popular*, 152 DPR140, 155 (2000).

### D. Injunction

El Artículo 675 del Código de Enjuiciamiento Civil, 32 LPRA sec. 3521, define el remedio de *injunction* como "un mandamiento judicial expedido por escrito, bajo el sello de un tribunal, por el que se requiere a una persona para que se abstenga de hacer, o de permitir que se haga por otras bajo su intervención, determinada cosa que infrinja o perjudique el

derecho de otra."[38] Se trata de un remedio extraordinario que "es, por naturaleza, dinámico: 'se caracteriza por su perentoriedad, por su acción dirigida a evitar un daño inminente o a restablecer el régimen de ley conculcado por conducta opresiva, ilegal o violenta del transgresor del orden jurídico.'" *Mun. de Loíza v. Sucns. Suárez et al*, 154 DPR 333, 367 (2001), que cita a *Noriega v. Gobernador*, 130 DPR 919, 932 (1992) que cita a *Peña v. Federación de Esgrima de P.R.*, 108 DPR 147, 154 (1978).

La Regla 57 de Procedimiento Civil,[39] dispone sobre los remedios de entredicho provisional, el *injunction* preliminar y el *injunction* permanente, la vista en sus méritos. En cuanto a los criterios para expedir una orden de entredicho provisional o *injunction* preliminar, la Regla 57.3 de Procedimiento Civil, supra, establece que el tribunal deberá considerar, entre otros, los siguientes:

> (a) la naturaleza del daño a que está expuesto la parte peticionaria.
> (b) la irreparabilidad del daño o la inexistencia de un remedio adecuado en ley;
> (c) la probabilidad de que la parte promovente prevalezca;
> (d) la probabilidad de que la causa se torne en académica;
> (e) el impacto sobre el interés público del remedio que se solicita, y
> (f) la diligencia y la buena fe con que ha obrado la parte peticionaria.[40]

Nuestro ordenamiento jurídico ha establecido que se expedirá el recurso de *injunction* cuando se demuestre la existencia de un daño irreparable el cual no pueda ser satisfecho adecuadamente con los recursos legales disponibles. *Asoc. Vec. Caparra v. Asoc. Fom. Educ.*, 173 DPR 304, 320 (2008); *Misión Ind. P.R. v. J.P. y A.A.A.*, 142 DPR 656, 681 (1997). Por tal razón, los tribunales deben determinar si la acción "connota o no un agravio de patente intensidad al derecho del individuo que reclame una reparación urgente". *VDE Corporation v. F&R Contractors*, 180 DPR 21, 40 (2010); *Gracia Ortiz v. Policía de P.R.*, 140 DPR 247 (1996).

De igual forma, el Tribunal Supremo ha expresado que cuando se pretenda expedir un *injunction* preliminar este descansa "en el ejercicio de

---

[38] Véase, *Next Step Medical v. Bromedicon*, 190 DPR 474, 485-486 (2014).
[39] 32 LPRA Ap. V, R. 57 (Reglas 57.1-57.7).
[40] 32 LPRA Ap. V, R. 57.3.

una sana discreción judicial que se ejercerá ponderando las necesidades y los intereses de todas las partes involucradas en la controversia". *Mun. Ponce v. Gobernador*, 136 DPR 776, 790-791 (1994).

La Regla 57.1 de Procedimiento Civil, supra, dispone sobre la orden de entredicho, en lo pertinente al recurso ante nuestra consideración, lo siguiente:

[…]

Toda orden de entredicho provisional concedida sin notificación previa llevará constancia de la fecha y la hora de su expedición; será archivada inmediatamente en la Secretaría del tribunal y registrada; en ella se definirá el perjuicio y se hará constar por qué el mismo es irreparable y la razón por la cual se expidió la orden sin notificación previa, y de acuerdo con sus términos expirará dentro de un período de tiempo después de ser registrada, que será fijado por el tribunal y no excederá de diez (10) días, a menos que sea prorrogada dentro del término así fijado por causa justa probada y por un período de tiempo igual, o a menos que la parte contra la cual se haya dictado la orden dé su consentimiento para que sea prorrogada por un período mayor. Las razones que haya para tal prórroga se harán constar en el récord. En caso de que se dicte una orden de entredicho provisional sin notificación previa, la moción para un auto de injunction preliminar será señalada para ser vista en la fecha más próxima que sea posible y tendrá preferencia sobre todos los demás asuntos, excepto aquellos que sean más antiguos y de la misma naturaleza. Cuando la moción sea llamada para vista, la parte que obtuvo la orden de entredicho provisional procederá con su solicitud de injunction preliminar y, si así no lo hace, el tribunal la dejará sin efecto. Con dos (2) días de aviso a la parte que obtuvo la orden de entredicho provisional, sin aviso o previo aviso por un término más corto a dicha parte según lo disponga el tribunal, la parte adversa podrá comparecer y solicitar la disolución o modificación de la orden, y en ese caso se procederá a oír y resolver la moción con toda la prontitud que requieran los fines de la justicia.

**III**

En el caso ante nuestra consideración, el Sr. Carlos E. Colón Burgos y la Sra. Xiomara Rivera Rodríguez alegan que erró el TPI al no celebrar la vista de entredicho preliminar conforme el mandato emitido por el Tribunal Supremo violando la norma del mandato y obviando la ley del caso. En segundo lugar, la parte apelante nos señala que erro el foro primario al denegar el *injunction* preliminar pues razonó que, según sus conclusiones, interpretación y aplicación del derecho, abuso de su discreción al hacerlo. No le asiste razón, veamos.

Somos del pensar que se debe dar deferencia a los foros primarios en el manejo del caso y solo intervendremos cuando exista un craso abuso de discreción o que el tribunal actuó con prejuicio y parcialidad, o que se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo.[41] De igual forma, somos de la pericia de que los tribunales de menor jerarquía mantienen discreción para reconsiderar asuntos que no fueron expresa o implícitamente decididos por el tribunal que emitió un mandato.[42]

Revisado el expediente judicial, el caso originalmente fue pautado para vista el 21 de marzo de 2024.[43] No obstante, debido a múltiples incidentes procesales incluyendo, la presentación del recurso KLCE202300913, el Tribunal Supremo emitió un mandato el cual exponía que debían celebrar la vista de *injunction* preliminar "inmediatamente".[44] Así las cosas el TPI emitió una *Orden* en la cual estableció que el caso estaba señalado para el 21 de marzo de 2024 y concedió el entredicho provisional hasta que se celebrara la vista.[45] Por tal razón, acudieron ante este foro mediante el recurso KLCE202301309 en el cual se ordenó la celebración de a celebrar la vista de *injunction* preliminar dentro de los 10 días desde la notificación de la *Sentencia*.[46] De esta forma, el TPI pautó la vista para el 26 de diciembre de 2023, no obstante, no pudo celebrase en su fondo, pero el Tribunal si dispuso lo siguiente "las propiedades se dejarán protegidas con la solicitud de *Injunction* de los activos hasta el día de la vista".[47]

Luego de evaluar la *Sentencia Parcial* y tomando en consideración el cuadro procesal antes mencionado no vemos la comisión de ninguno de ambos errores señalados. Al enfrentarnos a un asunto de manejo del caso, damos deferencia al TPI quien es quien mejor esta en posición para hacer

---

[41] Véase *Zorniak Air Services v. Cessna Aircraft Co.*, 132 DPR 170, 181 (1992).
[42] Véase *Mejías et al. v. Carrasquillo et al.*, 185 DPR 288, 303 (2012).
[43] Apéndice 44 de Apelación, pág.385.
[44] Apéndice 60 de Apelación, págs.441-446.
[45] Apéndice 64 de Apelación, pág.463.
[46] Apéndice 70 de Apelación, págs.478-490.
[47] Apéndice 76 de Apelación, págs.525-527.

determinaciones respecto al manejo de sus casos y en este caso ante nuestra consideración, la juez concluyó que procedía el descubrimiento de prueba para verse una vista en su fondo. De igual forma, somos del pensar que el foro primario podía atender esta moción dispositiva que no fue atendida de manera expresa o implícitamente por los foros apelativos, en este caso la *Moción solicitando la desestimación del entredicho provisional e injunction preliminar*. Por último, entendemos que la disposición hecha por el TPI al finalizar la vista del 26 de diciembre de 2023 es un entredicho provisional para proteger los bienes muebles e inmueble que se encuentran en controversia.[48] Por lo que le damos deferencia al TPI en su decisión de no ver la vista de entredicho preliminar por el momento hasta que se concluya la etapa de descubrimiento de prueba.

**IV**

Por los fundamentos que anteceden, confirmamos la *Sentencia Parcial* apelada.

**Notifíquese.**

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[48] Véase Apéndice 76 de Apelación, págs.525-527. En la Minuta del 26 de diciembre de 2023 el TPI expresa lo siguiente:

…Si no se puede llevar a cabo la vista, se emitirá una orden prohibiendo la enajenación de lo bienes o activos de la corporación hasta que se celebre la vista.
[…]

…el Tribunal dispone lo siguiente:
[…]

…y las propiedades se dejarán protegidas con la solicitud de *Injuction* de los activos hasta el día de la vista.