EL PUEBLO DE PUERTO RICO, demandante y recurrente, *v.* TRIBUNAL DE DISTRITO DE PUERTO RICO, SALA DE BAYA-MÓN, ETC., demandado y recurrido.

*Número:* R-68-289        *Resuelto:* 5 de mayo de 1969

242

Rafael A. Rivera Cruz, Procurador General, Peter Ortiz, Sub-procurador General Interino, y Federico Rodríguez Gelpí, Procurador General Auxiliar, abogados del recurrente; Luis Muñoz Rivera, Félix Ortiz, Juan y Rafael F. Arrillaga, abogados de los interventores, Sotero León y Valentín Vargas.

Sala Primera integrada por el Juez Asociado Señor Pérez Pimentel como Presidente de Sala y los Jueces Asociados Señores Blanco Lugo, Rigau y Ramírez Bages.

EL JUEZ ASOCIADO SEÑOR BLANCO LUGO emitió la opinión del Tribunal.

En 4 de abril de 1967 se presentó una acusación ante el Tribunal Superior, Sala de Bayamón, contra Sotero León y Valentín Vargas imputándoles veintiún cargos por infracción al Art. 87 del Código Penal, 33 L.P.R.A. sec. 276.[1] Los cargos XVII y XVIII, que se registraron como las causas criminales G-67-269 a G-67-272, se refieren a los libramientos de pago 1437 y 1484 del municipio de Guaynabo, de 10 y 21 de mayo de 1965. En 26 de abril de 1968 este Tribunal dictó sentencia en el recurso O-67-374 ordenando la desestimación de la acusación por no haberse celebrado el juicio dentro del término de 120 días según prescrito por la Regla 64(n) de las de Procedimiento Criminal. La notificación al Procurador

---

[1] "Toda persona que, con intención de defraudar, presentare para su aceptación o pago alguna reclamación, cuenta, factura, comprobante o escrito falso o fraudulento, a un oficial pagador u otro funcionario o a alguna persona o funcionario autorizado para aceptar o pagarlo si fuese legítimo, será reo de delito grave."

244

General se efectuó el día 30 de abril; el mandato fue remitido al tribunal de instancia el viernes 10 de mayo de 1968; tres días después en el primer día hábil disponible se ordenó el archivo de las causas.

Mientras tanto, en 9 de mayo, con el propósito de evitar el efecto del período prescriptivo de tres años, Art. 78 del Código Penal, 33 L.P.R.A. sec. 232, véase, *Pueblo* v. *Club Management, Inc.*, 88 D.P.R. 189 (1963), se presentaron dos "denuncias" contra León y Vargas ante el Tribunal de Distrito, Sala de San Juan, por los mismos hechos contenidos en los cargos XVII y XVIII. En la misma fecha se determinó causa probable en ausencia de los acusados y se expidió orden de arresto. [2] Además se ordenó la citación del acusado para la vista preliminar que se convocó para el 5 de junio ante el Tribunal de Distrito, Sala de Bayamón. [3] La vista preliminar se celebró el día 27 de junio ante el Hon. Ángel M. Rivera Valentín, quien emitió una resolución que en la parte pertinente lee:

". . . este Tribunal entiende que no tiene jurisdicción en estas dos denuncias por cuanto éstas se radicaron en el Tribunal Supremo de P.R. antes de éste ceder su jurisdicción oficialmente para para [*sic*] que así lo readquiriera el Tribunal Superior— Sala de Bayamón y éste a la vez procediese al archivo de todas las acusaciones. Como podrá notarse de las estipulaciones, dicho archivo se efectuó posterior a la fecha de la radicación de las nuevas denuncias."

[2] Un proceso criminal comienza, no con la presentación de la acusación, sino con la determinación de causa probable y el consiguiente arresto o citación del acusado, *Pueblo* v. *Ortiz Díaz*, 95 D.P.R. 244 (1967); *Pueblo* v. *Tribunal Superior*, 84 D.P.R. 24 (1961); cf. *Pueblo* v. *Capestany*, 37 D.P.R. 586 (1928); *El Pueblo* v. *Rivera et al.*, 9 D.P.R. 403 (1905). El término prescriptivo de una acción criminal no se interrumpe por el arresto practicado a los fines de otra acusación por el mismo delito que ha sido sobreseída por no haberse celebrado el juicio correspondiente dentro del término fijado por la ley, *Pueblo* v. *Tribunal Superior*, 84 D.P.R. 24 (1961); *Pueblo* v. *Lugo*, 58 D.P.R. 183 (1941).

[3] A los fines de radicación se identificaron con los números VP-534 a 537.

En 2 de julio de 1968 el Pueblo de Puerto Rico presentó ante el Tribunal Superior, Sala de Bayamón, una petición que denominó de *certiorari* para revisar la anterior resolución, en la cual después de relatar los hechos reseñados precedentemente, suplica se revoque y deje sin efecto la orden de archivo dictada y "se ordene al Tribunal de Distrito, Sala de Bayamón, a señalar y celebrar la vista preliminar objeto de este recurso." Expedido el auto y oídas las partes, se dictó "resolución" en corte abierta "confirmando la resolución dictada por el Tribunal de Distrito, Sala de Bayamón." Acordamos revisar.

■ 1—En *Pueblo* v. *Tribunal Superior*, 95 D.P.R. 412 (1967), indicamos que los magistrados del Tribunal de Primera Instancia actúan en su capacidad individual en el ejercicio de las funciones y facultades que para la determinación de la existencia de causa probable les confieren las Reglas de Procedimiento Criminal. Sus. determinaciones al efecto no son decisiones o resoluciones de un tribunal, y, por ende, no pueden ser revisadas mediante el recurso de *certiorari*. Si en el presente caso se considerara que la resolución del Juez Rivera Valentín de fecha 27 de junio de 1968 tiene el alcance de una determinación de inexistencia de causa probable, el único curso de acción que tenía disponible el Pueblo para revisarla era el provisto por la Regla 24 (c) *in fine*, someter el asunto de nuevo a un magistrado de categoría superior del Tribunal de Primera Instancia. De cualquier forma, le estaría vedado el utilizar el recurso de *certiorari*.

■ Empero, en su verdadero alcance la actuación impugnada no tiene el efecto de una adjudicación de la inexistencia de causa probable, sino más bien que mediante la interpolación de un concepto foráneo a este procedimiento anterior a la acusación—nos referimos a la llamada "jurisdicción" para actuar—el magistrado se inhibió del ejercicio de su facultad determinativa. Colocado en esta perspectiva

puede considerarse la solicitud presentada ante el Tribunal Superior como una petición de *mandamus,* aunque errónea-mente denominada *certiorari,* para obligar al juez demandado a entender en el asunto y pronunciarse sobre la existencia o inexistencia en los méritos de causa probable para acusar. A similar conclusión llegamos en *Pueblo* v. *Tribunal Superior,* 96 D.P.R. 237 (1968), en el cual consideramos el recurso interpuesto como una solicitud de *mandamus* y ordenamos al juez recurrido la celebración de una vista preliminar con la prueba que el ministerio público tuviera a bien presentar.

■ 2—La cuestión básica que debemos considerar requiere que determinemos si el Pueblo estaba impedido de iniciar un nuevo proceso criminal por el hecho de que aún no se había remitido ni recibido ni ejecutado el mandato emitido por este Tribunal en relación con acusaciones presentadas por los mismos hechos cuyo sobreseimiento se ordenó.

■ El mandato([4]) es el medio oficial de que nos valemos para comunicar al tribunal de instancia la disposición que hemos hecho de la sentencia objeto de revisión y de ordenarle el cumplimiento con los términos de nuestra actuación. Una vez recibido el mandato el tribunal inferior debe limitarse a dar cumplimiento a lo ordenado, que constituye la ley del caso entre las partes,([5]) *Martínez* v. *Tribunal de Distrito,* 69 D.P.R. 552, 555 (1949), *Lluberas* v. *Mario Mercado e Hijos,* 77 D.P.R. 458, 461 (1954); *Estado* v. *Ocean Park Development Corp.,* 79 D.P.R. 158, 173 (1956), aun en cuanto a cuestiones jurisdiccionales que no fueron planteadas ante este Tribunal, *Fiddler* v. *Tribl. Contribuciones,* 68 D.P.R. 847,

---

([4]) Véanse, la Regla 54.13 de las de Procedimiento Civil, la Regla 214 de las de Procedimiento Criminal, la Regla 20(a) del Reglamento del Tribunal Supremo. Cfr., la Regla 216(j) de las de Procedimiento Criminal y la Regla 8 de las de Apelación del Tribunal de Distrito al Tribunal Superior. Véase además, el Art. 306 del anterior Código de Enjuiciamiento Civil, 32 L.P.R.A. sec. 1293.

([5]) En *Melón Hnos. & Co.* v. *R. Muñiz, Etc. y Villamil, Int.,* 54 D.P.R. 182, 188 (1939), se alude a "la autoridad de cosa juzgada".

851 (1948), y en cuanto a cualquier otra que pudo haberse levantado en el recurso de revisión de la sentencia, *Graniela* v. *Yolande, Inc.*, 65 D.P.R. 705 (1946). El tribunal inferior no tiene autoridad para reabrir el caso, ni para reconsiderar o enmendar la sentencia o suspender su ejecución, *Melón Hnos. & Co.* v. *R. Muñiz, Etc. y Villamil, Int.*, 54 D.P.R. 182, 188 (1939), a menos que en las causas civiles se obtenga previamente permiso de este Tribunal para dejar sin efecto la sentencia, según requerido por la Regla 49.2. ([6])

■ El propósito principal del mandato es lograr que el tribunal inferior actúe en forma consistente con los pronunciamientos de este Tribunal—de ahí la acuñada frase que generalmente se incorpora en nuestras sentencias "y se devuelve el caso al tribunal de instancia para ulteriores procedimientos no inconsistentes." El términos de diez o cinco días, según sea el caso, durante el cual lo retenemos es para ofrecer a la parte afectada adversamente por nuestra sentencia que solicite la reconsideración o tome cualquier otra medida que prive de finalidad y firmeza a la sentencia que se haya dictado. ([7]) *Pérez Sales* v. *Corte*, 50 D.P.R. 540, 550–551 (1936), en donde dijimos que "De acuerdo con la práctica seguida en esta Corte Suprema, sus sentencias a menos que otra cosa se acuerde expresamente, no se comunican para su ejecución a la corte de distrito de donde el caso procede hasta los diez días de dictadas, término que se ha considerado sufi-

---

([6]) . . . Una vez que el tribunal de apelación dicte sentencia, no podrá concederse ningún remedio bajo esta Regla 49.2 que sea inconsistente con el mandato, a menos que se obtenga previamente permiso para ello del tribunal de apelación . . . ."

Véase, *Pueblo* v. *Matos Rodríguez*, 91 D.P.R. 635, 641 (1965), especialmente el escolio 7.

([7]) En *Ubiñas* v. *Medina*, 89 D.P.R. 666 (1963), expresamos que la mera presentación de un escrito indicando el propósito de apelar o de solicitar revisión por *certiorari* ante el Tribunal Supremo federal no inhibe *ipso jure* el cumplimiento por el Secretario de este Tribunal de su obligación sobre remisión del mandato.

ciente para que las partes interesadas puedan hacer en relación con las mismas las gestiones que estimen procedentes."

■ Corolario necesario de lo expuesto es que la falta de remisión o ejecución del mandato es intrascendente cuando la parte afectada por la sentencia o por un pronunciamiento específico de la misma, realiza gestiones que indican su acatamiento de lo que hemos dispuesto. En la situación que consideramos ordenamos la desestimación de unas acusaciones. [8] Por tratarse de un delito grave el Pueblo podía iniciar un nuevo encausamiento dentro del término prescriptivo de tres años. Y a eso se enderezaron sus gestiones, en acatamiento a y en forma perfectamente compatible con nuestra sentencia. Bajo tales circunstancias, no puede aprovechar a los acusados allí peticionarios la falta de remisión del mandato.

■ Pero aun cuando pudiera calificarse la cuestión como "jurisdiccional", en lugar de situarse como una de economía judicial, la falta de remisión del mandato no podría alcanzar actuaciones que no se realizaron dentro del mismo caso que fue objeto de revisión por este Tribunal. Todo cuanto ordenamos fue el archivo de determinadas acusaciones, y entre ellas, las causas G-67-269 a 272. Y este mandato no podía tener el efecto de privar al Pueblo de realizar una actuación separada e independiente que la propia ley le autoriza.

■ Finalmente, en las circunstancias presentes, conforme resolvimos en *Pueblo* v. *Ortiz Díaz*, 95 D.P.R. 244, 247–248 (1967), no era necesaria la celebración de una nueva vista preliminar, pues "más que de una nueva acusación, en su efecto legal se trata . . . de la radicación *nuevamente* de la acusación."

---

[8] Nuestra sentencia de 26 de abril de 1968 en el recurso O-67-374, *supra*, se limitó a decir "Procede revocar y ordenar la desestimación de las acusaciones radicadas contra el peticionario." No hicimos pronunciamiento expreso ordenando la devolución al tribunal de instancia para que dictara resolución de archivo y sobreseimiento.

*Se dejará sin efecto la sentencia dictada por el Tribunal Superior, Sala de Bayamón, en 13 de septiembre de 1968, y se devolverán los autos con instrucciones de que se dicte sentencia ordenando al magistrado del Tribunal de Distrito, Sala de Bayamón, que por encontrarse la denuncia y orden de arresto diligenciada ante dicho magistrado, dé cumplimiento a lo dispuesto en la Regla 22(c) de las de Procedimiento Criminal.* ([9])

([9]) "(c) . . . El magistrado remitirá la denuncia y la orden de arresto o citación a la sección y sala correspondientes del Tribunal de Primera Instancia para que se dé cumplimiento a los trámites posteriores que ordenan estas reglas."