ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL IV

| **MUNICIPIO AUTÓNOMO DE SALINAS; ESTADO LIBRE ASOCIADO DE PUERTO RICO en representación del DEPARTAMENTO DE RECURSOS NATURALES Y AMBIENTALES**<br><br>Apelado<br><br>v.<br><br>**PABLO VERGARA RAMOS; JUDITH AGNES RIVERA DÍAZ y la sociedad legal de gananciales compuesta por ambos**<br><br>Apelante | KLAN202400165 | **CERTIORARI** procedente del Tribunal de Primera Instancia, Sala Superior de **Guayama**<br><br>Civil Núm.: **GM2023CV00959**<br><br>Sobre: Injunction (entredicho provisional, injunction preliminar y permanente) |

Panel integrado por su presidenta, la Jueza Cintrón Cintrón, la Jueza Rivera Marchand y el Juez Rodríguez Flores.

Cintrón Cintrón, Jueza Ponente.

**SENTENCIA**

En San Juan, Puerto Rico, a 22 de abril de 2024.

Comparece ante nos el señor Pablo Vergara Ramos, su esposa Judith Rivera y la Sociedad Legal de Bienes Gananciales compuesta por ambos (matrimonio Vergara Rivera o apelantes) y solicitan que revisemos la *Sentencia* dictada el 23 de enero de 2024 por el Tribunal de Primera Instancia, Sala Superior de Guayama (TPI). Mediante la misma, el TPI declaró: (1) *Con Lugar* la *Moción para que se Dicte Sentencia por las Alegaciones* instada por el Municipio Autónomo de Salinas (Municipio) y el Estado Libre Asociado de Puerto Rico, en representación del Departamento de Recursos Naturales y Ambientales de Puerto Rico (DRNA) (en conjunto, apelados) y (2) *Con Lugar* la demanda sobre *injunction* estatutario al amparo del Artículo 14.1 de la Ley Núm. 161 del 1 de diciembre de 2009, según enmendada, conocida

como *Ley para la Reforma de los Procesos de Permisos en Puerto Rico*, 23 LPRA sec. 9024, (Ley Núm. 161-2009).

Por los fundamentos que expondremos a continuación, revocamos el dictamen apelado.

**I.**

El caso de referencia dio inicio con una demanda sobre *injunction* estatutario instada por el Municipio Autónomo de Salinas y el Estado Libre Asociado de Puerto Rico, en representación del Departamento de Recursos Naturales y Ambientales de Puerto Rico contra el matrimonio Vergara Rivera. Por estar en desacuerdo con ciertas decisiones interlocutorias del TPI, el Municipio y el Departamento de Recursos Naturales acudieron ante este Foro mediante el recurso KLCE202400042. El 16 de enero de 2024, dictamos *Sentencia*, por medio de la cual expedimos el auto de *certiorari*, revocamos los dictámenes recurridos y, en lo pertinente, **dispusimos que la vista señalada por el Tribunal para el 18 de enero de 2024 fuera una en sus méritos**.

Así las cosas, el 17 de enero de 2024, el foro *a quo* dictó la siguiente *Resolución*:

> De conformidad con la Sentencia emitida el 16 de enero de 2024 por el Tribunal de Apelaciones, se convierte la vista del 18 de enero de 2024 en Juicio en su Fondo, a celebrarse de manera presencial. Se les concede a las partes hasta las 12:00 pm del 18 de enero de 2024 para cargar la prueba a ser utilizada en el Juicio al sistema SUMAC. Prueba que no sea cargada al sistema no será considerada en el Juicio

Ese mismo día, el Municipio Autónomo de Salinas y el Estado Libre Asociado de Puerto Rico, en representación del Departamento de Recursos Naturales y Ambientales de Puerto Rico presentaron una *Moción para que se Dicte Sentencia por las Alegaciones*. En su comparecencia, adujeron que en la presente causa no había controversias de hechos materiales, toda vez que el matrimonio Vergara Rivera admitió: (1) la existencia de las obras de construcción en los predios concernidos y (2) que no tiene permisos de construcción. Ante

ello, argumentaron que procedía expedir el interdicto solicitado a base de las alegaciones, a tenor con la Regla 10.3 de Procedimiento Civil, 32 LPRA Ap. V, R. 10.3.

En respuesta a la antedicha moción, el TPI dejó sin efecto el señalamiento pautado para el 18 de enero de 2024 y le concedió hasta el 19 de enero de 2024 al matrimonio Vergara Rivera para exponer su posición. Éste último solicitó reconsideración a la orden cancelando la vista en su fondo, por entender que la misma iba en contra de la *Sentencia* dictada por este Tribunal el 16 de enero de 2024. Por tanto, solicitó al TPI que procediera con la vista según pautada. El Municipio Autónomo de Salinas y el Estado Libre Asociado de Puerto Rico, en representación del Departamento de Recursos Naturales y Ambientales de Puerto Rico se opusieron oportunamente. Mediante *Orden* emitida el 17 de enero de 2024, el foro primario denegó la solicitud de reconsideración incoada por el matrimonio Vergara Rivera. Así, el 19 de enero de 2024, el matrimonio Vergara Rivera presentó su oposición a la moción para que se dictara sentencia por las alegaciones.

Analizadas ambas posturas, el 23 de enero de 2024, el TPI dictó la *Sentencia* que hoy revisamos. Mediante la misma, declaró *con lugar* la moción para que se dictara sentencia por las alegaciones presentada por el Municipio Autónomo de Salinas y el Estado Libre Asociado de Puerto Rico, en representación del Departamento de Recursos Naturales y Ambientales de Puerto Rico y *con lugar* la demanda sobre *injunction* estatutario.

Inconforme, el matrimonio Vergara Rivera solicitó reconsideración, pero la misma fue denegada por medio de una *Resolución* emitida el 7 de febrero de 2024. Aun en desacuerdo, este acude ante este Foro y alega que el TPI cometió los siguientes errores:

> Primer Error: Erró el Tribunal de Primera Instancia al suspender la vista del caso en sus méritos ordenada por este Honorable Tribunal Apelativo y dar paso a resolver el *injunction* solicitado mediante una moción de dictar sentencia por las alegaciones violando el derecho al debido proceso de ley que protege a los demandados en un

proceso en el cual se les priva de un interés protegido como es el uso y disfrute de su propiedad.

Segundo Error: Erró el TPI al no tomar en consideración los derechos de los demás comuneros que también estarán afectados por lo que se decida en el caso y no fueron incluidos como partes indispensables.

Tercer Error: Erró el TPI al resolver la controversia mediante el mecanismo de la Regla 10.3 cuando existen controversias de hechos que están pendiente de resolución en el caso GM2022CV00290, tales como la ubicación y titularidad de los terrenos afectados.

El 18 de marzo de 2024, el Municipio Autónomo de Salinas y el Estado Libre Asociado de Puerto Rico, en representación del Departamento de Recursos Naturales y Ambientales de Puerto Rico presentaron su *Alegato en Oposición a Apelación*.

Con el beneficio de la comparecencia de todas las partes, procedemos a resolver.

## II.

La figura del *mandato* es conocida como una orden de un tribunal superior a uno de inferior jerarquía, notificándole haber revisado el caso en apelación y enviándole los términos de su sentencia. *Pueblo v. Serrano Chang*, 201 DPR 643, 650 (2018), citando a *Mejías et al. v. Carrasquillo et al.*, 185 DPR 288, 300–301 (2012). Es el medio oficial que posee un tribunal apelativo para comunicar a un tribunal inferior la disposición de la sentencia objeto de revisión y para ordenarle el cumplimiento de lo acordado. *Íd.*, pág. 301; *Pueblo v. Tribunal de Distrito*, 97 DPR 241, 247 (1969). El propósito principal del *mandato* es lograr que el tribunal inferior actúe en forma consecuente con los pronunciamientos del tribunal apelativo. *Íd,* pág. 247.

Es norma establecida que el dictamen emitido por un tribunal de mayor jerarquía y enviado a uno de inferior jerarquía no da base a sugerencias o flexibilidad en cuanto a la orden a seguir, sino que esta es una orden rígida y definitiva. *Mejías et al. v. Carrasquillo et al.*, supra, pág. 301. El tribunal de rango inferior no tiene discreción para ignorar ni alterar un mandato. Esta es la llamada "regla del mandato". *Pueblo v. Serrano Chang*, supra, pág. 651. Una vez el Secretario del tribunal

remite el *mandato,* el caso que estaba ante la consideración de ese foro finaliza para todos los efectos. *Mejías et al. v. Carrasquillo et al.*, supra, pág. 301. Así pues, el tribunal de jerarquía inferior "adquiere la facultad de continuar con los procedimientos, según lo que haya dictaminado el tribunal apelativo". *Pérez, Ex parte v. Depto. de la Familia*, 147 DPR 556, 571 (1999). Una vez el *mandato* es remitido al tribunal de jerarquía inferior, este readquiere jurisdicción sobre el caso a los únicos fines de ejecutar la sentencia, tal como fue emitida en apelación, y el tribunal apelativo pierde la suya. *Pueblo v. Rivera*, 75 DPR 432, 433 (1953).

**III.**

Atenderemos el primer señalamiento de error levantado por los apelantes por su alta importancia y porque con su resolución se torna innecesaria la discusión de los demás errores.

Según expuesto, este Foro intervino con ciertos dictámenes emitidos por el TPI en el caso de epígrafe. En particular, mediante la *Sentencia* pronunciada el 16 de enero de 2024, revocamos dos (2) decisiones del TPI y le devolvimos el caso con el mandato expreso de que la vista pautada para el 18 de enero de 2024 como una "inicial" fuera una en sus méritos. Aunque en un inicio el TPI pareció acatar el mandato, pues así consta de la *Resolución* dictada el 17 de enero de 2024, tras recibir y aquilatar una moción para dictar sentencia por las alegaciones presentada por los apelados, el foro *a quo* dejó sin efecto el señalamiento de vista y, luego de ordenarle a los apelantes presentar su correspondiente oposición, dictó por la vía sumaria la *Sentencia* aquí impugnada. Incluso el foro primario reiteró su determinación, aun cuando los apelantes solicitaron reconsideración bajo el argumento principal de que el no llevar a cabo la vista en los méritos iba en contra de nuestro mandato.

Analizado con detenimiento el expediente, es claro que el Tribunal de Primera Instancia no observó ni actuó conforme a nuestro

mandato al obviar la celebración de la vista[1]. Resulta por tanto evidente que el Tribunal erró al actuar de esta manera y que tal proceder ha atrasado la disposición final del caso. Ante ello, no tenemos otra opción que dejar sin efecto la sentencia apelada. Nuevamente devolvemos el caso al TPI para que cumpla fielmente con los términos de la *Sentencia* emitida por este Foro el 16 de enero de 2024.

Aclaramos que con esta determinación no estamos prejuzgando en los méritos si procede o no la demanda sobre *injunction* estatutario al amparo de la Ley Núm. 161-2009. Dicha determinación le corresponde al foro apelado. Una vez el TPI celebre la vista ordenada por esta Curia, deberá emitir un dictamen, el cual, de las partes entenderlo necesario, podrán recurrir ante nos.

**IV.**

Por las consideraciones que preceden, se revoca la *Sentencia* apelada y se deja sin efecto la misma. Se devuelve el caso al Tribunal de Primera Instancia para la celebración de la vista, tal y como habíamos dispuesto anteriormente. Ello, a la mayor brevedad posible, considerando el carácter expedito de la Ley Núm. 161-2009.

**Notifíquese inmediatamente**.

Lo acordó y manda el Tribunal y lo certifica la Secretaria.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[1] Cabe señalar que en nuestro pronunciamiento específicamente advertimos que el foro recurrido podía ¨proceder de conformidad con lo aquí dispuesto¨ conforme autoriza la Regla 35(A)(1) del Reglamento del Tribunal de Apelaciones 4 LPRA Ap. XII-B. De esta forma el Tribunal de Primera Instancia solo tenía jurisdicción para cumplir nuestro dictamen y no para proceder de otra forma. Añádase a ello que el mandato fue notificado en autos el 4 de marzo de 2024.