Estado Libre Asociado de Puerto Rico
**TRIBUNAL DE APELACIONES**
**PANEL IX**

| | | |
|---|---|---|
| Sandra Viscal Rodríguez<br><br>Recurrida<br><br>vs.<br><br>Antonio L. Rivera Guzmán<br><br>Peticionario | KLCE202401021 | ***CERTIORARI***<br>procedente del Tribunal de Primera Instancia, Sala Superior de San Juan<br><br>Civil Núm.:<br>K AC2012-1222<br><br>Sobre: Liquidación de Bienes Gananciales |

Panel integrado por su presidente, el Juez Rivera Colón, el Juez Ronda del Toro y la Jueza Díaz Rivera.

Rivera Colón, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 23 de octubre de 2024.

Comparece ante nos, el Dr. Antonio L. Rivera Guzmán (peticionario o Dr. Rivera Guzmán) mediante recurso de *Certiorari* en el que solicita la revocación de la "Orden" emitida el 20 de agosto de 2024,[1] por el Tribunal de Primera Instancia, Sala Superior de San Juan (TPI o foro recurrido). Mediante dicho dictamen, el TPI declaró No Ha Lugar la "Moción Solicitando Eliminación de Créditos a favor de la Demandante [...]" y la "Moción Solicitando Reconocimiento de un Crédito de $10,919.18 [...]", ambas presentadas por el peticionario.

Examinada la solicitud de autos, la totalidad del expediente y el estado de derecho aplicable ante nuestra consideración, expedimos el auto de *Certiorari* y modificamos el dictamen emitido por el TPI por los fundamentos que expondremos a continuación.

**I.**

El Dr. Rivera Guzmán y la Dra. Sandra Viscal Rodríguez (Dra. Viscal Rivera o recurrida) contrajeron matrimonio en el cual

---

[1] Notificada el 21 de agosto de 2024.

procrearon 2 hijos: (1) Antonio Francisco Rivera Viscal y (2) Natalia Luz Rivera Viscal.  Posteriormente, el vínculo matrimonial quedó disuelto mediante sentencia de divorcio.[2]  En atención a lo cual, el 27 de junio de 2013, el TPI impuso al peticionario el pago de una pensión alimentaria a favor de sus hijos menores de edad.[3]

Mediante "Resolución" emitida el 5 de diciembre de 2013, el foro recurrido reconoció que el Dr. Rivera Guzmán adeudaba la suma de $135,000.00, compuesta de: (1) $65,197.35 en concepto retroactivo de pensión alimentaria, y (2) $69,802.65 por gastos que fueron sufragados por la Dra. Viscal Rodríguez, pero que debían ser cubiertos por el peticionario.[4]

Luego de varios años, ambos hijos advinieron mayores de edad.  Debido a esto, el 12 de marzo de 2018,[5] el TPI emitió una "Resolución" y relevó al Dr. Rivera Guzmán del pago de la pensión alimentaria establecida a favor de su hija.[6]  Por su parte, el 5 de mayo de 2018, el peticionario y su hijo firmaron un *Waiver, Release and Relinquishment of DSO Agreement*, donde este último relevó a su padre del pago por cualquier cantidad adeudada en concepto de pensión alimentaria.[7]

Sin embargo, el 3 de septiembre de 2021, la Administración para el Sustento de Menores (ASUME) retuvo al peticionario la cantidad de $10,919.18, y se la envió a la Dra. Viscal Rivera en concepto de pago de pensión alimentaria.[8]  Como resultado de ello, el 19 de octubre de 2021, el Dr. Rivera Guzmán presentó una "Moción para que ASUME Cierre el Caso por Falta de Jurisdicción y Solicitando Orden para Devolución de Dineros Retenidos Ilegalmente al Demandado", y arguyó que, en vista de que los dos

---

[2] Véase, apéndice pág. 1.
[3] Aunque esta Resolución no surge del legajo apelativo, el propio Tribunal así lo reconoce. Véase, apéndice pág. 374.
[4] Véase, Anejo 1 del alegato de la parte recurrida.
[5] Notificada el 14 de marzo de 2018.
[6] Véase, apéndice pág. 13.
[7] Véase, apéndice pág. 389.
[8] Véase, apéndice pág. 366.

alimentistas son mayores de edad, ASUME perdió jurisdicción para gestionar el cobro de la pensión alimentaria. Por esta razón, solicitó se ordene a ASUME a cerrar el caso, más la devolución o el pago de la cantidad retenida.

La Dra. Viscal Rivera se opuso a dicha petición mediante escrito radicado el 15 de noviembre de 2021. El peticionario replicó el 24 de noviembre de 2021, y la recurrida presentó su dúplica el 22 de diciembre de 2021. Evaluadas las posturas de ambas partes, el 1 de marzo de 2023,[9] el TPI emitió "Resolución" mediante la cual determinó que carecía de jurisdicción para atender el asunto. Razonó que el reclamo debía ser atendido, en primera instancia, por el Tribunal Administrativo de ASUME.

El Dr. Rivera Guzmán solicitó la reconsideración del dictamen,[10] petición que fue declarada Sin Lugar el 27 de marzo de 2023.[11] Inconforme, el 27 de abril de 2023, el peticionario recurrió ante este foro apelativo. Mediante "Sentencia" emitida el 2 de agosto de 2023,[12] identificada con el código alfanumérico KLAN202300372, esta Curia concluyó que, tanto la jurisprudencia, así como la propia ley habilitadora de ASUME, otorgan al TPI jurisdicción para atender una solicitud de alimentos entre parientes cuando los alimentistas son mayores de edad. Además, enfatizamos que:

> *En el presente caso no hay duda alguna de que los alimentistas son mayores de edad.*
>
> *[B]ien sea por renuncia o por prescripción, los hijos del señor Rivera carecen de legitimación activa para intervenir en los asuntos que quedan pendientes en el presente caso.*
>
> […]
>
> *Además, [el TPI] puede indagar sobre el estatus de la deuda estipulada el 5 de diciembre de 2013, ascendente a $135,000.00, que es una deuda personal*

---

[9] Notificada en igual fecha.
[10] Véase, apéndice pág. 465.
[11] Notificada el 28 de marzo de 2023; Véase, apéndice pág. 474.
[12] Notificada el 4 de agosto de 2024.

*compensable con un término prescriptivo de 15 años desde que el progenitor no alimentante pagó en exceso de lo que correspondía.*

Recibido el mandato correspondiente,[13] el 8 de noviembre de 2023,[14] el TPI ordenó el cierre del caso en ASUME y el cese y desista de toda gestión de cobro. A su vez, ordenó a ASUME a reembolsar los $10,919.18 que le retuvo al peticionario.[15]

No obstante, el 14 de diciembre de 2023, ASUME compareció y notificó que los $10,919.18 retenidos ya fueron cobrados por la Dra. Viscal Rodríguez, por lo que, si el peticionario interesaba recobrar dicha cuantía, debía instar un pleito en cobro de dinero.[16]

El Dr. Rivera Guzmán se opuso mediante moción radicada el 18 de diciembre de 2023.[17] Empero, mediante "Orden" emitida el 8 de enero de 2024,[18] el TPI se reiteró en que el peticionario debía radicar una acción inmediata con la ASUME para recuperar el dinero pagado indebidamente, ya que no quedaban asuntos pendientes de alimentos.[19]

Insatisfecho, el 12 de febrero de 2024, el Dr. Rivera Guzmán recurrió ante este foro apelativo nuevamente. El 22 de mayo de 2024,[20] esta Curia emitió "Sentencia", identificada con el código alfanumérico KLAN202400130, en la cual un panel hermano concluyó lo siguiente:

*El TPI ordenó correctamente el cierre del caso en ASUME. La agencia perdió su jurisdicción porque ya no existe un caso de alimentos de menores. El alimentista es mayor de edad y renunció a todo reclamo de alimentos contra su padre. La alimentista también es mayor de edad y su causa de acción para reclamar alimentos a su progenitor expiró. Sin embargo, el foro primario resolvió incorrectamente que el peticionario tenía que presentar una acción inmediata con la ASUME para recuperar el dinero pagado indebidamente a la*

---

[13] El mandato del caso KLAN202300372 fue remitido el 19 de septiembre de 2023.
[14] Notificada el 9 de noviembre de 2023.
[15] Véase, apéndice pág. 535.
[16] Véase, apéndice pág. 545.
[17] Véase, apéndice pág. 553.
[18] Notificada el 11 de enero de 2024.
[19] Véase, apéndice pág. 564.
[20] Notificada el 23 de mayo de 2024.

*recurrida. La decisión es incorrecta y contradictoria. El propio TPI resolvió que ASUME ya no tiene jurisdicción, porque no existe un caso de alimentos. La única reclamación que queda viva es la acción personal en la que la madre reclama el reembolso de lo que pagó en exceso y esa controversia no es de la jurisdicción de ASUME. La presentación de un pleito de cobro de dinero como pretende ASUME tampoco es razonable.*

*A nuestro juicio, los más correcto y razonable es el cierre y archivo de este caso para que la controversia continúe atendiéndose en el caso K AC2012-1222. Las partes están litigando en el caso K AC2012-1222 la división de bienes, la única controversia que queda viva en este pleito. El foro recurrido tomó conocimiento judicial de que la apelada reclamó en ese pleito el pago la deuda personal por los alimentos a los que contribuyó en exceso. […]*

[…]

[…] *La continuación de un caso, que ya no tiene razón de ser, porque los alimentistas son mayores de edad y su derecho a reclamar alimentos expiró, no abona a los objetivos que persigue la Regla 1 de Procedimiento Civil, supra. Por esa razón, avalamos la decision del TPI de desestimar el caso sin considerar ningún otro asunto.*

[…]

*No obstante, advertimos que la cantidad entregada por ASUME a la recurrida tendrá que abonarse a la deuda cuyo pago reclama en el K AC2012-1222 y que fue estipulada.*

En ese contexto, el 24 de julio de 2024, el Dr. Rivera Guzmán presentó en el pleito de liquidación de bienes (K AC2012-1222) una *"Moción Solicitando Eliminación de Créditos a favor de la Demandante [...]"*, y solicitó que se eliminaran las partidas de $65,197.35 y de $35,300.00 reclamadas por la recurrida en concepto de retroactivo de pensión alimentaria y honorarios de abogados, respectivamente. Argumentó que, como cuestión de derecho, estas cantidades forman parte de la pensión alimentaria, la cual quedó extinguida por renuncia o por prescripción, según se dispuso en los casos KLAN202300372 y KLAN202400130.

Además, ese mismo día, o sea, el 24 de julio de 2024, el peticionario presentó una "Moción Solicitando Reconocimiento de un Crédito de $10,919.18 [...]", y reafirmó que, conforme lo

adjudicado en el caso KLAN202400130, debía reconocérsele un crédito de $10,919.18 en el pleito de liquidación de bienes (K AC2012-1222).

La Dra. Viscal Rodríguez se opuso mediante escrito presentado el 19 de agosto de 2024.[21] Atendidas las posiciones de ambas partes, el 20 de agosto de 2024,[22] el TPI emitió una "Orden" mediante la cual declaró No Ha Lugar la "Moción Solicitando Eliminación de Créditos a favor de la Demandante [...]" y la "Moción Solicitando Reconocimiento de un Crédito de $10,919.18 [...]", ambas presentadas por el peticionario.

En desacuerdo, el Dr. Rivera Guzmán recurre ante esta segunda instancia judicial, y señala la comisión de los siguientes errores, a saber:

> A. *Erró el TPI como cuestión de derecho al negarse a cumplir con las sentencias finales y firmes del TAPR en los recursos KLAN202300372 Y KLAN202400130* [sic], *y rehusar eliminar los créditos concedidos a la recurrida de $65,197.35 y $35,300 por conceptos de pensión alimentaria que el TAPR determinó que eran propiedad únicamente de los ex-alimentistas hijos mayores de edad según las sentencias finales y firmes de los recursos KLAN202300372 Y KLAN202400130* [sic].

> B. *Erró el TPI como cuestión de derecho al negarse a cumplir con las sentencias finales y firmes del TAPR en los recursos KLAN202300372 Y KLAN202400130* [sic], *y rehusar reconocer un nuevo crédito al peticionario de $10,919.18 por razón de fondos del peticionario erróneamente retenidos por ASUME que la recurrida indebidamente tomó y cobró y cuyo nuevo crédito fue ordenado por el TAPR en su sentencia final y firme del recurso KLAN202400130.*

## II.

### A.

La jurisprudencia define el mandato como aquella "'[o]rden de un tribunal superior a uno de inferior jerarquía, notificándole haber revisado el caso en apelación y enviándole los términos de su sentencia'". *Pueblo v. Serrano Chang*, 201 DPR 643, 650 (2018),

---

[21] Véase, apéndice pág. 698.
[22] Notificada el 21 de agosto de 2024.

citando a *Mejías et al. v. Carrasquillo et al.*, 185 DPR 288, 300–301 (2012). En otras palabras, el mandato constituye el medio por el cual un tribunal revisor comunica a un tribunal de menor jerarquía su determinación, y le ordena el complimiento de esta. *Íd.* Su propósito es lograr que el foro inferior actúe de acuerdo con los pronunciamientos que hace el tribunal apelativo. *Íd.*

Por tanto, "[u]na vez recibido el mandato el tribunal inferior debe limitarse a dar cumplimiento a lo ordenado, que constituye la ley del caso entre las partes". *Pueblo v. Tribunal de Distrito*, 97 DPR 241, 246 (1969). Es decir, conforme la llamada regla del mandato, "[e]l tribunal de rango inferior no tiene discreción para ignorar ni alterar un mandato". *Pueblo v. Serrano Chang, supra*, a la pág. 651. De este modo, "una vez el mandato es remitido al tribunal inferior, este readquiere jurisdicción sobre el caso a los únicos fines de ejecutar la sentencia, tal como fue emitida en apelación". *Mejías et al. v. Carrasquillo et al., supra,* a la pág. 301.

Ahora bien, "los tribunales de menor jerarquía mantienen discreción para reconsiderar asuntos que no fueron expresa o implícitamente decididos por el tribunal que emitió el mandato". *Pueblo v. Serrano Chang, supra*, a la pág. 651. Empero, nuestro Tribunal Supremo es claro al demarcar los asuntos que pueden reconsiderar aun cuando existe un mandato judicial:

> *Lo anterior no debe interpretarse como un cheque en blanco para que los tribunales inferiores actúen fuera de la orden dictada. Por ello, se debe entender que son solo aquellos asuntos que son ajenos al mandato judicial los que el foro inferior podrá revisar, a saber, aquellos asuntos que no surgen de manera explícita o implícita. En cuanto a los asuntos explícitos, se entenderá que son los que surgen de la sentencia claramente y sin espacio a ambivalencias. Sin embargo, los asuntos implícitos son … aquellas cuestiones que, si bien no se litigaron, pudieron haberse litigado, aquellas que bien surgen del mandato mismo, así como aquellas que se deben realizar para que resulte efecto el mandato. Mejías et al. v. Carrasquillo et al., supra,* a la pág. 303.

**B.**

Es doctrina reiterada que, como regla general, "un tribunal debe seguir sus decisiones previas en los casos". *Pueblo v. Ríos Nieves*, 209 DPR 264, 278 (2022). En ese sentido, "los derechos y las obligaciones que han sido objeto de adjudicación en el ámbito judicial, mediante dictamen [final y] firme, constituyen la ley del caso". *Berkan et al. v. Mead Johnson Nutrition*, 204 DPR 183, 200 (2020). De este modo, aquellas cuestiones finales consideradas y decididas por el tribunal "obligan, tanto al tribunal de instancia como al foro que las dictó, si el caso vuelve a su consideración". *Íd.*, a la pág. 201. Así, se cumplen los siguientes propósitos: (1) garantizar la sana práctica de que el juzgador no alterare sus pronunciamientos dentro de un mismo caso, (2) promover el trámite ordenado y expedito de los litigios, y (3) asegurar que las partes puedan proceder sobre unas directrices confiables y certeras. *Íd.*, a las págs. 200-201.

El criterio esencial para que pueda invocarse esta doctrina es que la decisión sea final. *Cacho Pérez v. Hatton Gotay y otros,* 195 DPR 1, 9 (2016). De ser así, tanto el juez como las partes quedan sujetos a las cuestiones finales consideradas y decididas por el tribunal. *Félix v. Las Haciendas*, 165 DPR 832, 843 (2005). No obstante lo anterior, este mandato no es inflexible ni absoluto, pues, a modo de excepción, si la ley del caso es errónea y puede causar una gran injusticia, el tribunal puede emplear una norma de derecho distinta. *Pueblo v. Serrano Chang, supra*, a la pág. 653. Por lo que, en situaciones excepcionales, la decisión puede ser descartada con el fin de resolver en forma justa. *Cacho Pérez v. Hatton Gotay y otros, supra, a las págs. 9-10.*

**III.**

Según mencionamos, el Dr. Rivera Guzmán presentó dos mociones ante el TPI solicitando: (1) la extinción la deuda de

$65,197.35 en concepto retroactivo de pensión alimentaria, más los $35,300.00 por honorarios de abogado concedidos por la fijación de la pensión; y (2) la concesión de un crédito de $10,919.18 en el pago de la deuda de $69,802.65. Sin embargo, el foro recurrido declaró No Ha Lugar ambas solicitudes.

En su recurso, el peticionario arguye que el TPI erró al negarse cumplir con las sentencias finales y firmes dictadas por este Tribunal de Apelaciones en los casos KLAN202300372 y KLAN202400130. En esencia, el Dr. Rivera Guzmán argumenta que de dichos dictámenes puede colegirse lo siguiente: (1) una vez sus hijos advinieron mayores de edad, la recurrida perdió legitimación para reclamar alimentos a nombre de éstos; (2) siendo mayores de edad, los hijos tenían facultad para cobrar la deuda de alimentos; (3) cualquier cuantía adeudada en concepto de pensión alimentaria quedó extinguida por renuncia o por prescripción, incluyendo los $65,197.35 en concepto retroactivo de pensión alimentaria y los $35,300.00 por honorarios de abogado concedidos por la fijación de la pensión; y (4) la cantidad de $10,919.18 que fue retenida por ASUME debe abonarse como un crédito al pago de la deuda de $69,802.65 que la recurrida reclama como reembolso de pago en exceso de pensión.

Su contención es que, conforme la doctrina de la ley del caso, el TPI debió eliminar las deudas de $65,197.35 y $35,300.00 solicitadas por la Dra. Viscal Rodríguez, toda vez que este Foro ya dictaminó en los casos de KLAN202300372 y KLAN202400130 que la deuda en concepto de pensión alimentaria quedó extinguida por renuncia o por prescripción. Asimismo, sostiene que el TPI debía acreditarle los $10,919.18 en el caso de división de bienes (K AC2012-1222), según dispuso este Tribunal de Apelaciones en el caso KLAN202400130.

Por su parte, la Dra. Viscal Rodríguez enfatiza que "ni la renuncia del mayor de los hijos a reclamar la deuda, ni el hecho que haya transcurrido el periodo de prescripción para que la hija reclamara la que le correspondía, impiden que la recurrida ejerza su derecho a cobrar las sumas reclamadas".[23] En ese sentido, manifiesta que es ella quien tiene legitimación para cobrar la deuda, y que el Dr. Rivera Guzmán lo que pretende es evadir el pago de la deuda que estipuló, la cual fue acogida mediante "Resolución" emitida el 5 de diciembre de 2013, dictamen que es final y firme. Contrario a lo alegado por el peticionario, la Dra. Viscal Rodríguez acentúa que las determinaciones de este foro apelativo validan su derecho a reclamar las cantidades pagadas en beneficio de sus hijos, las cuales debieron ser satisfechas por el peticionario.

En cuanto al crédito de los $10,919.18, la recurrida indica no tener objeción a que se modifique la "Orden" cuya revisión se solicita, a los fines de reconocer que dicha cantidad sea abonada a la deuda estipulada de $135,000.00.

Tras un análisis de los hechos y el derecho aplicable, concluimos que el primer señalamiento de error no fue cometido. Sin embargo, el segundo señalamiento de error sí lo fue. Veamos.

Habiéndose divorciado las partes, el 14 de diciembre de 2012, la Dra. Viscal Rodríguez presentó una demanda de división de bienes gananciales (K AC2012-1222).[24] En este caso, el TPI designó un Comisionado Especial,[25] quien emitió un "Informe Final" el 26 de julio de 2017.[26] En el referido informe, se le concedió a la recurrida un crédito en la liquidación de $135,000.00 por concepto de retroactivo de pensión alimentaria.[27] Además, se

---

[23] Véase, alegato en oposición pág. 15.
[24] Véase, apéndice pág. 15.
[25] Véase, apéndice pág. 52.
[26] Véase, apéndice pág. 56.
[27] *Íd.*

le otorgó un crédito de $35,300.00 por honorarios de abogado concedidos por la fijación de la pensión en el caso de divorcio (K DI2011-0592).[28]

El 6 de diciembre de 2017, el peticionario objetó el informe, incluyendo la deuda retroactiva de pensión alimentaria y los honorarios de abogado.[29] Empero, mediante "Resolución y Orden" emitida el 22 de octubre de 2019,[30] el TPI rechazó la objeción al crédito de $135,000.00 porque, según la prueba presentada, el Comisionado concluyó que lo solicitado por la Dra. Viscal Rodríguez no era la pensión alimentaria retroactiva, sino una acción de reembolso por lo pagado como parte de la pensión alimentaria.[31] A su vez, dispuso que, según el Comisionado, el pago de los honorarios de abogado se impusieron a gananciales. Aunque el Dr. Rivera Guzmán solicitó la reconsideración del dictamen,[32] el foro recurrido declaró No Ha Lugar su petición el 20 de diciembre de 2019.[33]

Ya siendo los hijos mayores de edad, es que entonces ASUME retiene el cheque al Dr. Rivera Guzmán por la cantidad de $10,919.18, y se lo envía a la recurrida en concepto de pago de pensión alimentaria. El peticionario solicitó la devolución del dinero retenido por ASUME y, luego de que el TPI se declarase sin jurisdicción para atender el asunto, se inició un trámite apelativo que culminó con nuestra "Sentencia" del 2 de agosto de 2023,[34] identificada con el código alfanumérico KLAN202300372. Resulta pertinente señalar que, la controversia medular en ese entonces era si el TPI, y no ASUME, era el foro con jurisdicción para adjudicar la solicitud de cierre de caso y la devolución del retenido.

---

[28] *Íd.*
[29] Según surge de los hechos procesales adoptados por el propio tribunal; Véase, apéndice pág. 68.
[30] Notificada el 23 de octubre de 2019.
[31] Véase, apéndice pág. 68.
[32] Véase, apéndice pág. 101.
[33] Notificada el 23 de diciembre de 2019.
[34] Notificada el 4 de agosto de 2024.

En nuestra "Sentencia" adoptamos las determinaciones de hecho que efectuó el foro recurrido, las cuales incluían:

> [...]
>
> *3. Durante el matrimonio las partes procrearon dos hijos, Antonio Francisco, quien nació el 1ro. de marzo de 1993, y Natalia Luz, quien nació el 6 de agosto de 1995, ambos de apellidos Rivera Viscal.*
>
> [...]
>
> *7. **Mediante Resolución de 5 de diciembre de 2013, el Tribunal acogió la estipulación de las partes estableciendo la deuda de pensión alimentaria hasta el 31 de agosto de 2013 en la cantidad de $135,00.00, disponiéndose que de dicha cantidad,** $65,197.35 **era el balance adeudado de retroactividad y $69,802.65 eran por concepto de gastos de estudio o extraordinarios que correspondía al padre pagar y los pagó la señora Viscal**.*
>
> *9. Mediante Resolución de l2 de marzo de 2018 el señor Rivera Guzmán fue relevado del pago de pensión alimentaria a su hija Natalia.*
>
> *10. El 5 de mayo de 2018 el interventor Antonio Francisco Rivera Viscal suscribió bajo juramento un documento titulado Waiver, Release and Relinquishment of DSO Agreement **mediante el que renunció a cualquier cantidad que el señor Rivera Guzmán le adeudara por concepto de pensión alimentaria**.*
>
> *11. Antonio Francisco Rivera Viscal advino a la mayoría de edad el 1ro. de marzo de 2014. Conforme las disposiciones del artículo 1866 del Código Civil de 1930, según enmendado, vigente a esa fecha, **su derecho a reclamar por la deuda acumulada de pensión alimentaria prescribió 1ro. de marzo de 2019**.*
>
> *12. Natalia Luz Rivera Viscal advino a la mayoría de edad el 6 de agosto de 2016. **Su derecho a reclamar por la deuda de alimentos acumulada prescribió el 6 de agosto de 2021**.*
>
> *15. Tomamos conocimiento judicial que el 14 de diciembre de 2012 se presentó demanda de división de bienes gananciales en el caso civil número KAC2012-1222 y que **la señora Viscal Rodríguez reclamó en aquel caso crédito por concepto de la deuda estipulada en éste, acogida en la Resolución de 5 de diciembre de 2013**.*
>
> (Énfasis nuestro).

En ese contexto, este Foro, en su análisis del derecho aplicable, dispuso lo siguiente:

> [C]uando el alimentista es menor de edad, es el progenitor custodio quien tiene legitimación activa para reclamar el pago de la obligación alimentaria. Ahora bien, **cuando el menor adviene a la mayoría de edad, el custodio pierde dicha legitimación para reclamar o continuar una acción de cobro por los alimentos debidos, aunque hubiese sido quien inició la acción originalmente.**
>
> De conformidad con lo anterior, se ha resuelto que **el hijo alimentista que adviene a la mayoridad, es quien tiene a su haber la causa de acción de cobro de las pensiones vencidas y es quien tiene que reclamar los alimentos futuros a los que cree tener derecho, una vez cumple la mayoría de edad. En el caso de pensiones vencidas, por no haberse prestado las mismas mientras el alimentista era menor de edad, como acreedor de la reclamación, este tiene facultad para cobrarlas, transigirlas, condonarlas o cederlas.**

(Citas omitidas) (Énfasis suplido).

En base a las determinaciones de hecho antes citadas, y conforme el derecho que precede, este Tribunal concluyó que:

> En el presente caso no hay duda alguna de que **los alimentistas son mayores de edad.**
>
> **[B]ien sea por renuncia o por prescripción, los hijos del señor Rivera carecen de legitimación activa para intervenir en los asuntos que quedan pendientes en el presente caso.**
>
> [...]
>
> Además, **[el TPI] puede indagar sobre el estatus de la deuda estipulada el 5 de diciembre de 2013, ascendente a $135,000.00, que es una deuda personal compensable con un término prescriptivo de 15 años desde que el progenitor no alimentante pagó en exceso de lo que correspondía.**

(Énfasis provisto).

Devuelto el caso y notificado el mandato correspondiente, el TPI se reiteró en que el peticionario debía radicar una acción inmediata con la ASUME para recuperar el dinero pagado indebidamente. Por este motivo, el Dr. Rivera Guzmán volvió a recurrir ante esta segunda instancia judicial. El 22 de mayo de

2024,[35] emitimos "Sentencia", identificada con el alfanumérico KLAN202400130, en la cual modificamos la decisión recurrida. En lo que nos concierne, dictaminamos lo siguiente:

> *El TPI ordenó correctamente el cierre del caso en ASUME. La agencia perdió su jurisdicción porque ya no existe un caso de alimentos de menores.* ***El alimentista es mayor de edad y renunció a todo reclamo de alimentos contra su padre****. **La alimentista también es mayor de edad y su causa de acción para reclamar alimentos a su progenitor expiró****. Sin embargo, el foro primario resolvió incorrectamente que el peticionario tenía que presentar una acción inmediata con la ASUME para recuperar el dinero pagado indebidamente a la recurrida. La decisión es incorrecta y contradictoria. El propio TPI resolvió que ASUME ya no tiene jurisdicción, porque no existe un caso de alimentos.* ***La única reclamación que queda viva es la acción personal en la que la madre reclama el reembolso de lo que pagó en exceso y esa controversia no es de la jurisdicción de ASUME****. La presentación de un pleito de cobro de dinero como pretende ASUME tampoco es razonable.*
>
> *A nuestro juicio, los más correcto y razonable es el cierre y archivo de este caso para que la controversia continúe atendiéndose en el caso K AC2012-1222. Las partes están litigando en el caso K AC2012-1222 la división de bienes, la única controversia que queda viva en este pleito.* ***El foro recurrido tomó conocimiento judicial de que la apelada reclamó en ese pleito el pago la deuda personal por los alimentos a los que contribuyó en exceso****. […]*
>
> […]
>
> *[…] La continuación de un caso, que ya no tiene razón de ser, porque* ***los alimentistas son mayores de edad y su derecho a reclamar alimentos expiró****, no abona a los objetivos que persigue la Regla 1 de Procedimiento Civil, supra. Por esa razón, avalamos la decisión del TPI de desestimar el caso sin considerar ningún otro asunto. […]*
>
> ***No obstante****, advertimos que la cantidad entregada por ASUME a la recurrida tendrá que abonarse a la deuda cuyo pago reclama en el K AC2012-1222 y que fue estipulada*.

(Énfasis nuestro).

En otras palabras, dispusimos que, ante el hecho de que los hijos ya son mayores de edad, lo correcto era el cierre del caso de divorcio (K DI2011-0592), para que la controversia sobre los

---

[35] Notificada el 23 de mayo de 2024.

$10,919.18 se ventilara en el pleito de liquidación de bienes (K AC2012-1222). Aclaramos que este curso de acción era el más lógico, toda vez que: (1) el caso de alimentos dejó de existir cuando los hijos cumplieron la mayoría de edad, y (2) sus causas de acción contra el peticionario se extinguieron por prescripción o renuncia. **Por tanto**, **concluimos que la única reclamación que quedaba viva era la acción personal de reembolso sobre la cantidad que la recurrida pagó en exceso**, **según fue estipulada y acogida por el TPI en su "Resolución" del 5 de diciembre de 2013**. **Finalmente**, **ordenamos que la cantidad de $10,919.18 reclamada por el peticionario debía abonarse a la deuda cuyo pago se reclama en el pleito de liquidación de bienes**.

Como puede observarse, en su "Resolución" del 1 de marzo de 2023, el TPI determinó como hechos probados que: (1) ambos hijos son mayores de edad, (2) el hijo mayor renunció a cualquier cantidad que su padre le adeudara por concepto de pensión alimentaria, (3) el derecho que poseía el hijo mayor para reclamar por la deuda acumulada de pensión alimentaria prescribió 1 de marzo de 2019, y (4) el derecho que poseía la hija menor para reclamar por la deuda acumulada de pensión alimentaria prescribió el 6 de agosto de 2021.

Ahora bien, lo cierto es que, estas determinaciones de hecho no pueden analizarse de forma aislada, puesto que la aludida "Resolución" también enfatiza que: (1) las partes estipularon que la deuda de pensión alimentaria hasta el 31 de agosto de 2013 ascendía a la cantidad de $135,000.00, (2) dicha estipulación fue acogida mediante "Resolución" emitida el 5 de diciembre de 2013, y (3) la recurrida reclamó en el caso de división de bienes (K AC2012-1222) el crédito por concepto de la deuda estipulada en el pleito de divorcio (K DI2011-0592).

No podemos obviar el hecho de que, **según lo solicitó la Dra. Viscal Rodríguez**, **la deuda de** $135,000.00 **estipulada por las partes**, **y que fue acogida por el Tribunal en la "Resolución" del 5 de diciembre de 2013**, se incluyó por el Comisionado Especial en su "Informe Final". Asimismo, el Comisionado incluyó en el referido informe un crédito de $35,300.00 en favor de la recurrida, **por honorarios de abogado en la fijación de la pensión en el caso de divorcio** (**K DI2011-0592**).

Como ya indicamos, **el peticionario objetó ambas partidas**. En términos literales, arguyó que:

> *El Comisionado le confirió un crédito a la Sra. Viscal de $135,000.00 por una deuda retroactiva de pensión alimentaria, $35, 300.00 por honorarios adeudados y $35,636.83 de pagos realizados a Emory University y que le correspondían al Sr. Rivera.* ***Según el Sr. Rivera, los pagos de pensión alimentaria no son bienes gananciales, por lo que no proceden en este caso y, segundo, los hijos de las partes ya son mayores de edad, por lo que son estos los que tienen la capacidad de solicitar el pago de pensiones adeudadas.***[36]

(Énfasis suplido).

Atendida la objeción sobre el crédito reclamado, el foro recurrido resolvió lo siguiente:

> ***El Comisionado, según la prueba presentada y las argumentaciones de las partes, determinó que lo solicitado por la Sra. Viscal no era la pensión alimentaria retroactiva, sino que se trataba de una acción de reembolso por lo pagado por la Sra. Viscal como parte de la pensión alimentaria del Sr. Rivera*** [...]
>
> [...] ***Según el Comisionado, en cuanto a los honorarios de abogado, el Tribunal de Primera Instancia de Bayamón, en el caso de divorcio entre las partes, le impuso al Sr. Rivera el pago de los honorarios de abogado a gananciales*... *por lo que no procede tal objeción*.** *El Sr. Rivera tuvo varias oportunidades de presentar la prueba documental al Comisionado y no lo hizo aun cuando se le apercibió de las consecuencias.*
>
> [...]

---

[36] Véase, apéndice pág. 90.

*En vista de ello, se acoge la determinación del Comisionado Especial en su Informe Final sobre estas partidas y se declara sin lugar las objeciones de la parte demandada.*[37]

(Énfasis provisto).

En otras palabras, **el TPI avaló la determinación del Comisionado Especial respecto a que el crédito de $135,000.00 no es por pensión alimentaria retroactiva, sino por reembolso de los gastos que fueron sufragados por la Dra. Viscal Rodríguez, pero que debieron ser cubiertos por el peticionario como parte de la pensión alimentaria**.

El Dr. Rivera Guzmán solicitó la reconsideración del dictamen, y alegó, tal cual lo hace en el presente recurso, que dicha cuantía:

***[E]s una deuda de pensión alimentaria adeudada a los hijos de la pareja, los cuales ya son adultos, por lo que la demandante no tiene legitimación activa para reclamar esta partida por sus hijos, y además, el hijo de la pareja ya renunció expresamente a su parte de esta deuda.***[38]

(Énfasis suplido).

**Aunque el foro recurrido declaró No Ha Lugar su petición**, **el peticionario nunca recurrió ante el Tribunal de Apelaciones**. **En palabras sencillas, el TPI ya evaluó la procedencia de los créditos de $135,000.00 y $35,300.00 y, aun así, declaró No Ha Lugar la petición de reconsideración presentada por el Dr. Rivera Guzmán**.

**Sin embargo, como el peticionario nunca recurrió de "Resolución y Orden" emitida el 22 de octubre de 2019,**[39] **dicho dictamen advino final y firme y constituye ley del caso. Por ende, tal y como resolvieron el Comisionado Especial y el TPI, el crédito de $135,000.00 es por reembolso y el crédito de $35,300.00 es ganancial**.

---

[37] Véase, apéndice págs. 91-92.
[38] Véase, apéndice pág. 102.
[39] Notificada el 23 de octubre de 2019.

Resulta inconsecuente el hecho de que este foro apelativo haya mencionado en los casos KLAN202300372 y KLAN202400130 que: (1) los alimentistas son mayores de edad, y (2) bien sea por renuncia o por prescripción, los hijos del peticionario carecen de legitimación activa para reclamar deudas por concepto de alimentos.

Esto no derrota la realidad de que, conforme lo resuelto en *Toro Sotomayor v. Colón Cruz*, 176 DPR 528 (2009), **la Dra. Viscal Rodríguez puede reclamar los créditos concedidos a su favor**, **ya que**, **aunque sus hijos están impedidos de hacerlo**, **su reclamo consiste en una acción de reembolso por los pagos que tuvo que hacer ante el incumplimiento del peticionario con su obligación alimentaria**.  **O sea**, **la recurrida no está reclamando alimentos a nombre de sus hijos**.  Precisamente, por este motivo fue que en el caso de KLAN202300372 hicimos hincapié en que "**el TPI puede indagar sobre el estatus de la deuda estipulada el 5 de diciembre de 2013**, **ascendente a** $**135,000.00**, **que es una deuda personal compensable con un término prescriptivo de 15 años desde que el progenitor no alimentante pagó en exceso de lo que correspondía**". (Énfasis provisto).  De este modo, concluimos que el primer señalamiento de error no fue cometido.

Ahora bien, coincidimos con el Dr. Rivera Guzmán en cuanto a que, según resolvimos en el caso KLAN202400130, "la cantidad entregada por ASUME a la recurrida tendrá que abonarse a la deuda cuyo pago reclama en el [pleito de división de bienes] K AC2012-1222 y que fue estipulada [por las partes]".  De hecho, así lo reconoce la recurrida en su alegato.  Por consiguiente, el TPI deberá modificar la "Orden" cuya revisión se solicita, a los fines de reconocer que los $10,919.18 serán abonados a la deuda que reclama la recurrida y que fue estipulada por las partes,

entiéndase, los $135,000.00, adeudando el peticionario el remanente de $124,080.82.

Por las razones que anteceden, modificamos el dictamen recurrido a los únicos efectos de que los $10,919.18 retenidos por ASUME y pagados a la recurrida sean abonados a la deuda estipulada por las partes de $135,000.00. De este modo, la deuda estipulada deberá reducirse a la cuantía de $124,080.82.

## IV.

Por los fundamentos expuestos, los que hacemos formar parte de este dictamen, expedimos el auto de *Certiorari* y modificamos la "Orden" dictada por el Tribunal de Primera Instancia, Sala Superior de San Juan, a los únicos efectos de que los $10,919.18 retenidos por ASUME y pagados a la Dra. Viscal Rivera sean abonados a la deuda estipulada por las partes de $135,000.00. De este modo, la deuda estipulada deberá reducirse a la cuantía de $124,080.82.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones